**Cathyann Martina DRAKES,**
**Petitioner,**

**v.**

**John ASHCROFT, Attorney General of the United States, Respondent.**

**Docket No. 01–4182.**

United States Court of Appeals,
Second Circuit.

Argued: Monday, March 3, 2003.

Decided: March 21, 2003.

Robert E. Precht, Ann Arbor, MI, for petitioner.

Michael M. Krauss, Assistant United States Attorney, for James B. Comey, United States Attorney for the Southern District of New York (Kathy S. Marks, Jeffrey S. Oestericher, Assistant United States Attorneys, on the brief), New York, NY, for respondent.

Before: CALABRESI, SACK, and CUDAHY,* Circuit Judges.

---

\* The Honorable Richard D. Cudahy, United States Court of Appeals for the Seventh Circuit, sitting by designation.

PER CURIAM.

The question before us is whether the Child Citizenship Act of 2000 ("CCA"), which liberalizes the Immigration and Nationality Act's conditions for the automatic derivative naturalization of alien children of United States-born or naturalized parents, operates retrospectively. *See* CCA, Pub.L. No. 106–396, §§ 101 & 104 (codified at 8 U.S.C. § 1431). Does it, in other words, make citizens of adults who, as children, would have satisfied the CCA's current conditions for derivative naturalization, but did not meet the requirements that were in effect when they were minors? Four circuits and the Board of Immigration Appeals ("BIA") have said no. So too has the former Immigration and Naturalization Service ("INS") (now the "Bureau of Citizenship and Immigration Services," or "BCIS"), in an interim regulation. No court has answered the question affirmatively. We join in the holding of all the adjudicative bodies that have considered this question.

## BACKGROUND

Petitioner Cathyann Martina Drakes, born in Trinidad in 1963, entered the U.S. on an immigrant visa at age six. She was raised by her mother, who became a naturalized U.S. citizen when Drakes was nine. Though they did not live together, Drakes's parents were married throughout her childhood, and did not legally separate until they divorced in 1984, when Drakes was 21.

In 1992, Drakes was convicted in New York State court of first degree manslaughter. In 1998, the INS served notice that she was deportable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) (aggravated fel-

ony deportation). At her deportation hearing, in March 2000, Drakes argued that she had obtained derivative citizenship through her mother and was not subject to removal. The Immigration Judge denied this claim, because the then-controlling statute conditioned a child's derivative citizenship—when based on the caregiving parent's naturalization—on the existence of a *legal* separation between the child's citizen and non-citizen parents. Drakes appealed to the BIA, which in August 2000 rejected her appeal on the same ground.

Two months later, in October 2000, Congress passed the Child Citizenship Act. This law, which took effect Feb. 27, 2001, eliminates the legal separation requirement. Based on the new law, Drakes asked the BIA in September 2001 to reconsider the order of deportation. The BIA denied her motion as untimely, and Drakes filed a petition for review to the Second Circuit.

## DISCUSSION

■ We begin by assessing our jurisdiction over this appeal. Immigration law bars us from reviewing directly any final order of removal entered against an alien who is deportable by reason of having committed an aggravated felony.[2] *See* 8 U.S.C. § 1252(a)(2)(C). We do have authority, however, to determine whether this restriction on our jurisdiction applies. *See Sui v. INS*, 250 F.3d 105, 110 (2d Cir.2001). The government points out that in the present case the jurisdictional inquiry "merges" with the merits of the case. Either we find that Drakes is a citizen in virtue of the CCA (in which case we have jurisdiction, for our right to review is only curtailed as to aliens), and she is not sub-

---

**2.** Such orders may in appropriate cases be challenged on habeas. *See Calcano–Martinez v. INS*, 232 F.3d 328, 342–43 (2d Cir.2000),

*aff'd*, 533 U.S. 348, 121 S.Ct. 2268, 150 L.Ed.2d 392 (2001).

ject to removal, or we find that the CCA does not operate to naturalize her (in which case we cannot hear her petition), and she is subject to deportation as an aggravated felon. Either way, we have no reason to consider Petitioner's argument that her motion to the BIA was made timely by equitable tolling.

■ We conclude that Congress's enactment of the CCA did not confer citizenship on Drakes. The CCA's derivative citizenship provision applies only to children who, *as of the effective date of the CCA, see* CCA § 104, (1) are under eighteen years of age, (2) have at least one parent who is a U.S. citizen, and (3) reside in the U.S., pursuant to a lawful admission for permanent residence, in the legal and physical custody of the citizen parent. *See* 8 U.S.C. § 1431(a). As such the CCA does not confer citizenship retrospectively. The same conclusion has been reached by the BIA and the Fifth, Ninth, and Eleventh Circuits, and is assumed as well by the First Circuit. *See In re Rodriguez–Tejedor,* 23 I. & N. Dec. 153 (BIA 2001) (*en banc* ); *Nehme v. INS,* 252 F.3d 415, 430–33 (5th Cir.2001); *Hughes v. Ashcroft,* 255 F.3d 752, 757–60 (9th Cir.2001); *United States v. Arbelo,* 288 F.3d 1262, 1263 (11th Cir.), *cert. denied* —— U.S. ——, 123 S.Ct. 256, 154 L.Ed.2d 192 (2002); *Batista v. Ashcroft,* 270 F.3d 8, 15 n. 7 (1st Cir.2001). Each of the circuit courts has stressed somewhat different factors in so ruling. Viewed as a whole, however, we find these opinions of our sibling circuits persuasive.

Because Petitioner remains an alien and because her status as an aggravated felon is not contested, we lack jurisdiction over her appeal. Accordingly, the appeal is DISMISSED.