**Rafael A. JIMENEZ, Petitioner–Appellant,**

v.

**UNITED STATES IMMIGRATION SERVICE, Respondent–Appellee.**

No. 05–1260–pr.

United States Court of Appeals, Second Circuit.

Sept. 28, 2006.

88

Rafael Augusto Jimenez, pro se, Bronx, N.Y., for Petitioner–Appellant.

Michael C. James, Assistant United States Attorney (Sean H. Lane, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Respondent–Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

■ Petitioner Rafael Augusto Jimenez filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging a final order of removal entered by the Board of Immigration Appeals ("BIA") in June 2002. The district court (Sand, *J.*) adopted the recommendation of the magistrate judge and denied Jimenez's motion. Proceeding *pro se*, Jimenez appeals. We assume the parties' familiarity with the underlying facts, procedural history, and scope of issues on appeal, which we reference only as necessary to explain our decision. Under the Real ID Act, we construe this case as a direct petition for our review of the BIA's order of removal. *Marquez–Almanzar v. INS*, 418 F.3d 210, 212 (2d Cir.2005). Accordingly, we vacate the opinion of the district court and proceed to that review. *Id.*

■ The petition for review is properly before us. We have no jurisdiction to review a final order of removal against a non-citizen who is removable by reason of having committed an aggravated felony. 8 U.S.C. § 1252(a)(2)(C). But if Jimenez— as he claims—is a United States citizen then § 1252(a)(2)(C) cannot bar his petition. We have jurisdiction to determine whether or not we have jurisdiction, and that requires us to consider Jimenez's assertion that he is a citizen by derivation. *See Ashton v. Gonzales*, 431 F.3d 95, 97 (2d Cir.2005).

■ Jimenez has failed to establish derivative citizenship. To be eligible for derivative citizenship under former section 321 of the Immigration and Nationality Act ("INA"), which was effective at the

time Jimenez applied for citizenship, a petitioner whose parents are living and married must show that *both* of his parents naturalized before his eighteenth birthday, unless he can prove that his parents were legally separated. 8 U.S.C. § 1432(a) (2000) (repealed). Because at the time Jimenez applied for citizenship (a) Jimenez's parents were married, (b) they were not legally separated, and (c) his mother was not naturalized, Jimenez was not eligible for derivative citizenship. The Child Citizenship Act of 2000 ("CCA"), 8 U.S.C. § 1431(a), does not change this result. We have held that its more lenient derivative citizenship requirements do not apply retroactively to those, like Jimenez, who were over the age of 18 as of the CCA's effective date. *Drakes v. Ashcroft,* 323 F.3d 189, 191 (2d Cir.2003).

█ Jimenez asserts that the government improperly delayed processing his citizenship-by-derivation application. The record, however, reveals no government misconduct. And even if the government had acted immediately upon receiving Jimenez's application, Jimenez still would have been ineligible for derivative citizenship as he did not meet the requirements of former INA section 321.[1]

Jimenez having failed to establish U.S. citizenship, we do not have jurisdiction over his petition for review. His petition for review is, therefore, DISMISSED for lack of jurisdiction. The district court opinion is VACATED. And, having completed our review, the stay of removal that the Court previously granted in this petition is VACATED.

---

1. In the proceedings below, but not on appeal, Jimenez argued that the order for removal was also improper because he was a "national" of the United States by virtue of having applied for citizenship and owing "permanent allegiance to this country." We have recently held that this argument is without merit. *See Marquez–Almanzar,* 418 F.3d at 218–19 (holding that a person cannot qualify as a U.S. national under 8 U.S.C. § 1101(a)(22)(B) by a manifestation of "permanent allegiance" to the United States).