Colaianni v. INS

**UNITED STATES COURT OF APPEALS**
FOR THE SECOND CIRCUIT

_____

August Term, 2006

(Argued: June 5, 2007                    Decided: June 15, 2007)

Docket No.  05-3384-ag

_____

DANTE T. COLAIANNI, JR.,

*Petitioner*,

— v.—

IMMIGRATION & NATURALIZATION SERVICE,

*Respondent*.

_____

Before:        WINTER, B.D. PARKER, *Circuit Judges*, and OBERDORFER, *District Judge*[*].

Petition for review of an order of the Board of Immigration Appeals affirming the determination of an Immigration Judge denying Petitioner's claim that he is a United States citizen and therefore not subject to removal.  We conclude that Petitioner's citizenship claim is invalid and that application of former §§ 320-322 of the Immigration & Nationality Act does not violate his Fifth Amendment right to equal protection.

DENIED.

SARAH LOOMIS CAVE (Vilia B. Hayes, *on the brief*),

---

[*]The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

Hughes, Hubbard & Reed, LLP, New York, NY, *for Petitioner*.

John C. O'Quinn, Deputy Associate Attorney General, United States Department of Justice, Washington, D.C. (Terrance P. Flynn, United States Attorney for the Western District of New York, Gail Y. Mitchell, Assistant United States Attorney, Buffalo, NY, *on the brief*), *for Respondent*.

PER CURIAM:

Petitioner Dante T. Colaianni, Jr. ("Colaianni") seeks review of a March, 29, 2002 order of the Board of Immigration Appeals ("BIA" or "Board") affirming the December 12, 2001 decision of Immigration Judge ("IJ") Adam Opaciuch denying Colaianni's claim that he is a United States citizen and therefore not subject to removal proceedings. *In re Dante Thomas Colaianni*, No. A 17 570 672 (B.I.A. Mar. 29, 2002), *aff'g* No. A 17 570 672 (Immig. Ct. Fishkill, NY, Dec. 12, 2001). Colaianni originally filed this case as a petition for writ of habeas corpus in the United States District Court for the Western District of New York. The district court transferred it here as a petition for review under the REAL ID Act of 2005 § 106(c), Pub. L. No. 109-13, 119 Stat. 231, 311.

## BACKGROUND

Colaianni was born in Canada in 1966. At the age of 17 months, he entered this country as a lawful permanent resident and was adopted by two native-born United States citizens. In 1988, Colaianni was convicted in New York State Court, Kings' County, of second-degree robbery, for which he received a sentence of one-and-a-half years' to four-and-a-half years' imprisonment. He was subsequently convicted of attempted manslaughter in New York State

Court, Kings' County, and sentenced to eight years to life in prison.

In June 2000, the former Immigration & Naturalization Service ("INS") served Colaianni with a Notice to Appear. The INS alleged that Colaianni's 1988 robbery conviction rendered him deportable because it was based on a crime of violence for which the term of imprisonment was at least one year, and thus constituted an aggravated felony conviction. *See* Immigration & Nationality Act ("INA") §§ 101(a)(43)(F), 101(a)(43)(G), 237(a)(2)(A)(iii); 8 U.S.C. §§ 1101(a)(43)(F), 1101(a)(43)(G), 1227(a)(2)(A)(iii).

After receiving this Notice, Colaianni filed a Form N-600, Application for Certificate of Citizenship, in which he claimed to have acquired citizenship through his adoptive parents. The INS denied Colaianni's application, noting that Colaianni could not have acquired citizenship at birth "[a]bsent a blood relationship between the child and the parent on whose citizenship the child's own claim is based." The INS further noted that Colaianni did not have a valid claim to citizenship under former sections 320 and 321 of the INA, "which provide derivative benefits to adopted children who have respectively one or two naturalized parents," because his adoptive parents were both native-born United States citizens.

At a hearing before an IJ, Colaianni argued, based upon his adoption, that he was a United States citizen and thus not subject to deportation. Alternatively, Colaianni sought a waiver of deportation under former INA § 212(c), 8 U.S.C. § 1182(c) (repealed 1996). The IJ stated that he did not have authority to decide Colaianni's citizenship claim and was bound by the INS's determination that Colaianni was not a citizen. The IJ also denied Colaianni's request for § 212(c) relief, on the ground that he had served over five years in prison for an aggravated

3

felony and was thus ineligible for such relief under the statute.[1]

Colaianni appealed to the BIA, maintaining that he had derived citizenship through his adoptive parents. The Board affirmed the IJ's decision without opinion. In his petition for review before this Court, Colaianni contends that he is a United States citizen pursuant to former § 301(a) of the INA, which defines those classes of individuals who "shall be nationals and citizens of the United States at birth." He also claims that to deny him citizenship pursuant to former INA §§ 320-22, 8 U.S.C. §§ 1431-33 (repealed 2000), which applied at the time of Colaianni's adoption and when he turned 18, violates his right to equal protection under the Fifth Amendment's Due Process Clause.

**DISCUSSION**

I. Jurisdiction & Standard of Review

Because the BIA affirmed the decision of the IJ without issuing an opinion, we review the IJ's decision directly. *Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006). An alien must exhaust all available administrative remedies before this Court may review a final order of removal. 8 U.S.C. § 1252(d)(1). However, "a party cannot be required to exhaust a procedure from which there is no possibility of receiving any type of relief." *Theodoropoulos v. INS*, 358 F.3d 162, 173 (2d Cir. 2004), *cert. denied*, 543 U.S. 823 (2004). This Court has subject matter jurisdiction over Colaianni's substantive equal protection claim because the BIA lacked the authority to adjudicate it. *See United States v. Gonzales-Roque*, 301 F.3d 39, 48 (2d Cir. 2002) (explaining that "constitutional claims lie outside the BIA's jurisdiction"). We also have

---

[1]Colaianni does not contest the denial of § 212(c) relief before this Court.

jurisdiction over Colaianni's claim that he is a United States citizen. *See* 8 U.S.C. § 1252(b)(5)(A) ("If the petitioner claims to be a national of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court *shall* decide the nationality claim." (emphasis added)).

## II.  Citizenship Under Former INA § 301(a)(3)

Former § 301(a)(3) of the INA extends citizenship "at birth" to "a person born outside of the United States . . . of parents both of whom are citizens of the United States and one of whom has had a residence in the United States . . ., prior to the birth of such person."  Pub. L. No. 82-414, § 301(a)(3), 66 Stat. 163 (June 27, 1952) (current version at 8 U.S.C. § 1401(c)). Contrasting this provision with others in the Act, Colaianni contends that by using the preposition "of," rather than "to," Congress implied that biological parentage is not necessary for a person to claim citizenship under former § 301(a)(3).  Colaianni's argument is contradicted by the plain language of the statute, which refers to persons "born . . . *of* parents both of whom are citizens of the United States" and pertains only to the acquisition of citizenship "at birth."  *See Marquez-Marquez v. Gonzales*, 455 F.3d 548, 556-57 (5th Cir. 2006) (rejecting the same argument based upon a plain reading of the statute).  Accordingly, we reject Colaianni's contention that he acquired citizenship pursuant to former § 301(a)(3) as a result of his adoption.

## III.  Equal Protection: Former INA §§ 320-322

We review Colaianni's equal protection claim under a rational basis standard.  *See Smart v. Ashcroft*, 401 F.3d 119, 122 (2d Cir. 2005).  In the immigration context, such review "is

'exceedingly narrow.'" *Tanov v. INS*, 443 F.3d 195, 201 (2d Cir. 2006) (quoting *Correa v. Thornburgh*, 901 F.2d 1166, 1173 (2d Cir. 1990)).

Prior to the enactment of the Child Citizenship Act of 2000 ("CCA"), former §§ 320-322 of the INA governed derivative citizenship. Sections 320 and 321 set forth the conditions under which an alien child could gain automatic citizenship upon the naturalization of his or her parents. Section 322 provided that "[a] parent who is a citizen of the United States may apply to the Attorney General for a certificate of citizenship on behalf of a child born outside the United States." Each section applied to adopted as well as biological children, under somewhat different conditions. As we observed in *Smart*, "[t]he CCA simplified the statutory regime governing derivative citizenship." 401 F.3d at 122. Among other changes, the CCA eliminated the distinction between children of naturalized and native-born United States citizen parents, extending automatic citizenship to both, and also eliminated many of the requirements specific to adopted children. *See* 8 U.S.C. §§ 1431-33; *Smart*, 401 F.3d at 122.

Colaianni does not contend, as he did before the IJ, that he is entitled to derivative citizenship under the CCA, which became effective after he had reached the age of 18. *See Langhorne v. Ashcroft*, 377 F.3d 175, 178 (2d Cir. 2004) (CCA does not apply retroactively); *Drakes v. Ashcroft*, 323 F.3d 189, 191 (2d Cir. 2003) (per curiam) (same). Rather, he argues that application of the statutory provisions that governed derivative citizenship claims prior to enactment of the CCA violates his right to equal protection under the Fifth Amendment. Specifically, Colaianni argues that former §§ 320-322 arbitrarily favored foreign-born adopted children of subsequently-naturalized citizens over foreign-born adopted children of native-born

6

United States citizens by requiring the latter to apply for a certificate of citizenship while granting automatic citizenship to the former.

The fact that the CCA eliminated the statutory distinction Colaianni challenges "is not determinative as to whether the former statute is rationally related to a legitimate government interest." *Smart*, 401 F.3d at 123. Nor must the reasons identified by the government as the basis for the challenged distinction represent the actual basis Congress relied upon in drafting the former statute. *See Tanov*, 443 F.3d at 201-02. "At most, '[t]he government need only articulate a rational reason for making the distinction [in the statute], and need not provide any evidence to support the rationality of the reason.'" *Smart*, 401 F.3d at 122 (quoting *Domond v. INS*, 244 F.3d 81, 87 (2d Cir. 2001)).

Here, the government has identified two interests served by the distinction Congress drew in the former statute, for purposes of automatic citizenship, between adopted alien children of native-born and subsequently-naturalized citizen parents: (1) promoting a greater appreciation of the benefits and responsibilities of citizenship, and (2) deterring immigration fraud.

We conclude that these interests are legitimate and that they bear a sufficient relation to distinction drawn in former §§ 320-322 to satisfy this Court's limited scope of review. By requiring some affirmative act by the parents of an adopted alien child – in one case, naturalization of the parents themselves, in the other, application for a certificate of citizenship – the former statute arguably served to solidify the bond between the child, his parents, and the United States. *See Miller v. Albright*, 523 U.S. 420, 440 (1998) ("Congress obviously has a powerful interest in fostering ties with the child's citizen parent and the United States during his

7

or her formative years."); *Smart*, 401 F.3d at 122 (recognizing that Congress has a legitimate interest in "ensur[ing] that a child who becomes an American citizen has a real relationship with a family unit, and with the United States"). For much the same reasons, the requirement of an affirmative act to secure derivative citizenship is also rationally related to the legitimate aim of deterring immigration fraud. *See Smart*, 401 F.3d at 122-23. Accordingly, we reject Colaianni's claim that to deny him automatic citizenship under former §§ 320-322 of the INA violates his right to equal protection under the Fifth Amendment.

**CONCLUSION**

For the foregoing reasons, the petition for review is DENIED. Any pending motion for a stay of removal is DISMISSED as moot.

8