**Richardson CHARLES, Petitioner,**

v.

**U.S. IMMIGRATION & CUSTOMS EN-FORCEMENT ("USICE"), Peter D. Keisler,\* Acting Attorney General, Respondents.**

No. 06–0947–ag.

United States Court of Appeals, Second Circuit.

Oct. 30, 2007.

---

\* Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Tanya T. Dorman, Dorman & Romanelli, LLC, Hartford, CT,** for Petitioner.

John H. Durham, Assistant United States Attorney, Kevin J. O'Connor, United States Attorney for the District of Connecticut, William J. Nardini, Assistant United States Attorney, New Haven, CT, for Respondents.

PRESENT: Hon. AMALYA L. KEARSE, Hon. JOSEPH M. McLAUGHLIN, Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Petitioner Richardson Charles, a citizen of Haiti and a lawful permanent resident of the United States, petitions for review of a January 31, 2006 BIA decision that affirmed the September 14, 2005 decision of IJ Michael W. Straus. The IJ denied petitioner's motion to terminate proceedings based on his claim of derivative citizenship and ordered the petitioner removed to Haiti on the ground of his conviction of an aggravated felony

** Petitioner's case was scheduled to be argued on October 15, 2007. Petitioner's counsel did not appear.

under § 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(iii). *In re Charles, Richardson*, No. A 41 134 743 (B.I.A. Jan. 31, 2006), *aff'g* No. A 41 134 743 (Immig. Ct. Hartford, Conn. Sept. 14, 2005). We assume the parties' and counsel's familiarity with the facts and procedural history of this case, and the scope of the issues presented by this petition.

The agency found Charles removable because of an aggravated felony conviction under 8 U.S.C. § 1227(a)(2)(A)(iii). He has not challenged that determination before this Court. We therefore have jurisdiction over his petition for review only to the extent that he raises constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(C)–(D); *Mizrahi v. Gonzales*, 492 F.3d 156, 157 (2d Cir.2007). We retain jurisdiction to determine whether the statutory prohibition is applicable, *i.e.*, whether the petitioner "is a citizen and therefore not removable." *Brissett v. Ashcroft*, 363 F.3d 130, 133 (2d Cir.2004). Because the BIA did not expressly adopt the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we review both the IJ's and BIA's decisions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir.2006).

■ We conclude that the BIA did not err in denying Charles's citizenship claim. To be eligible for derivative citizenship under former INA § 321(a)(2), which was in effect when Charles turned eighteen, Charles must show both that his father was naturalized and that his mother died prior to his eighteenth birthday. *See* 8 U.S.C. § 1432(a)(2) (repealed 2000). The only evidence Charles proffered to show that his mother died before his eighteenth birthday is a document from a court in Haiti declaring his mother an absentee. According to Chapter II of the Haitian Civil Code which Charles provided with his appeal to the BIA, however, the document appears to be a preliminary decree rather than a presumption of death certificate. And it does not set forth the date on and after which his mother can be presumed dead. Charles has therefore failed to make a prima facie case that he is a citizen of the United States.

■ We further note that the derivative citizenship provisions of the Child Citizenship Act of 2000 ("CCA"), 8 U.S.C. § 1431(a), do not apply to Charles as he was over the age of 18 years as of CCA's effective date. *See Drakes v. Ashcroft*, 323 F.3d 189, 191 (2d Cir.2003).

We are without jurisdiction to review Charles's claim that the BIA abused its discretion when it denied his motion to remand, because this claim "essentially disputes the correctness of [the agency's] fact-finding." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir.2006).

■ With respect to Charles's contention that the BIA's decision violated due process, he points to nothing in the record suggesting that he was denied a full and fair opportunity to present his claims. And his contention that the IJ violated due process by not granting an additional continuance is plainly without merit. Charles was granted two continuances for the purpose of gathering evidence, and thus was afforded a reasonable opportunity to present his claims.

The government stated at oral argument the possibility that petitioner might have other avenues of relief. We cannot, of course, comment on whether or how they might become available.

For the foregoing reasons, the petition for review of the order of the Board of Immigration Appeals is hereby DENIED.