**Gurwail SINGH, Petitioner,**

v.

**Michael B. MUKASEY,[1] Attorney General, Respondent.**

No. 06–4919–ag.

United States Court of Appeals, Second Circuit.

Jan. 28, 2008.

---

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Amy N. Gell, Gell & Gell, New York, New York, for Petitioner.

Jeffrey A. Taylor, United States Attorney, Madelyn E. Johnson, Assistant United States Attorney, Judith A. Kidwell, Assistant United States Attorney, United States Attorney's Office, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Gurwail Singh, a native and citizen of India, seeks review of a September 26, 2006, order of the BIA affirming the March 7, 2005, decision of Immigration Judge ("IJ") Brigitte LaForest pretermitting his application for asylum, and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Gurwail Singh*, No. A95 588 440 (B.I.A. Sept. 26, 2006), *aff'g* No. A95 588 440 (Immig. Ct. N.Y. City Mar. 7, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, we do not have jurisdiction to review Singh's arguments regarding the pretermission of his asylum claim, as he did not challenge that portion of the IJ's decision in his appeal to the BIA. Under 8 U.S.C. § 1252(d)(1), we "may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right." This rule requires a petitioner to raise each category of relief to the BIA that he subsequently raises in this Court. *See Theodoropoulos v. INS*, 358 F.3d 162, 165–69, 174 (2d Cir.2004); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006). Here, Singh did not challenge the IJ's finding that he was ineligible for asylum because of the one-year bar. Thus, as a statutory matter, we are without jurisdiction to consider his unexhausted challenge to the IJ's denial of asylum, and we dismiss the petition for review to that extent.[2]

---

**2.** We note that even if we were to excuse    Singh's failure to exhaust his due process

*See* 8 U.S.C. § 1252(d)(1). We proceed to review Singh's arguments regarding the denial of his applications for withholding of removal and CAT relief.

We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, "the fact that the BIA has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). While minor inconsistencies in petitioner's testimony need not be overlooked, nevertheless "[w]here an applicant's testimony is generally consistent, rational, and believable, [inconsistencies in the petitioner's testimony] need not be fatal to credibility, especially if the errors are relatively minor and isolated." *Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000); *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 395 (2d Cir.2005).

▮ Here, the IJ found that Singh was not credible because of inconsistencies regarding dates in Singh's testimony and asylum application. First, Singh initially testified that he arrived in the United States in March 2001, but as his testimony continued it became clear that he was still in India through the winter of 2001, and in fact, entered the United States in March 2002, as his I–589 forms stated. However, a review of the record makes clear that Singh simply misstated his date of arrival when the hearing began; and further, that this discrepancy is not central to Singh's claim of past persecution. Second, Singh testified and stated on his I–589 form that he was in hiding through October 2002. However, this was impossible as Singh actually filled out the I–589 form in the United States on July 19, 2002. Thus, this inconsistency stemmed from an error in the preparation of the I–589 form, as the I–589 form was clearly facially inconsistent. While this is no doubt an inconsistency, the length of time that Singh was in hiding *after* he was persecuted is not material to Singh's claim of past persecution. Third, while his I–589 form claims he was in hiding from November 2001 to October 2002, a statement from his father, a statement attached to his I–589 form, and the respondent's own testimony, all state that he was living at home on December 26, 2001. Again, however, this inconsistency is not material to Singh's claim of past persecution, and, further, it is clear that Singh was very confused about this line of questioning at the hearing, and yet nonetheless the IJ did not seek to clarify the issue for Singh. "[A] petition for review may be granted in the face of an adverse credibility decision by the IJ when she fails to engage or evaluate an asylum applicant's explanations for apparent inconsistencies in the record." *Diallo v. Gonzales,* 445 F.3d 624, 629 (2d Cir.2006) (internal quotation marks omitted). *See Pavlova v. INS,* 441 F.3d 82, 89–90 (2d Cir.2006); *Zhi Wei Pang v. BCIS,* 448 F.3d 102, 108 (2d Cir. 2006). The IJ has an obligation, at a minimum, to solicit explanations at least

argument, *see, e.g., Colaianni v. INS,* 490 F.3d 185, 187 (2d Cir.2007), we would remain without jurisdiction to consider that argument as it is essentially a challenge to the IJ's

exercise of discretion. Section 1158(a)(3) precludes our review of such arguments. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 329 (2d Cir.2006).

for non-dramatic inconsistencies. *See Ming Shi Xue v. BIA,* 439 F.3d 111, 125 (2d Cir.2006). Given that the date Singh entered the United States, and the length of time that he was in hiding are not material to his claim of past persecution, the IJ had an obligation to dig deeper into this inconsistency, particularly given the facial inconsistency on the I–589, before concluding that this inconsistency provided a solid basis for an adverse credibility finding.

■ The IJ also emphasized, in her oral decision, that she found dubious Singh's claim that he was a Sikh because he was not baptized as a Sikh. However, baptism is not key to the Sikh faith and, contrary to the IJ's suggestion, nothing in the record suggests that baptism into the Sikh religion is required to show devotion. While we accord deference to the IJ's findings regarding the plausibility of an applicant's testimony as long as they are "tethered to the evidentiary record," *Siewe v. Gonzales,* 480 F.3d 160, 169 (2d Cir.2007), an IJ's decision will be rejected if it is based on bald speculation, i.e., "where there is a complete absence of probative facts to support it," *id.* at 168. Here, the IJ's finding was improperly speculative because it was not based on anything in the record. Therefore, this finding may not be used to support her adverse credibility determination.

■ Additionally, the IJ also found that Singh failed to provide any evidence to corroborate his identity. While the IJ in this case did not rely solely on the lack of corroboration to make her determination, but rather found Singh's testimony also lacked credibility, the IJ's finding that Singh lacked credibility was not supported by the record, and thus we must look further to see whether the lack of corroboration that the IJ found would have also supported a denial of Singh's claims. *See*

*Zhou Yun Zhang,* 386 F.3d at 78. We are not convinced that, under the BIA's own precedent, it was reasonable to expect additional corroboration beyond the materials supplied by Singh. *See Diallo,* 232 F.3d at 288. "Applicants must supply supporting documentation only if it is of the type that would normally be created or available in the particular country and is accessible to the alien, such as through friends, relatives, or co-workers." *Id.* at 288–89 (internal quotation marks omitted). In this case, Singh submitted many original documents to the IJ, including: affidavits from relatives in India, his marriage certificate, the birth certificates of his children, and two medical certificates. Furthermore, he submitted a photocopy of his Indian Driver's License. In this case, not only did the IJ fail to mention the photocopy of Singh's driver's license in her decision, she also refused his request for a continuance to submit original identity documents including his birth certificate and school certificate. Therefore, the IJ's additional reliance on lack of corroboration of identity cannot be used as the sole foundation for the IJ's credibility determination. Given these standards, and the corroboration presented by Singh, it is unclear to us why Singh's claim failed for lack of specific corroboration.

For the foregoing reasons the petition for review is GRANTED in part and DISMISSED in part, the order of the BIA is VACATED, and the case is REMANDED for further proceedings.