07-3257-cv
Wilks v. Farquharson

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of November, two thousand eleven.

Present:
        JOSEPH M. McLAUGHLIN,
        ROBERT D. SACK,
        PETER W. HALL,
               *Circuit Judges.*

---

ERIK WILKS, ONEIL MYRON WILKS,

    *Plaintiffs-Appellants*,

    v.                              No. 07-3257-cv

STEVEN J. FARQUHARSON, DISTRICT DIRECTOR IMMIGRATION AND NATURALIZATION SERVICE, *et al.*,

    *Defendants-Appellees*.

---

FOR APPELLANTS:      Gregory C. Osakwe, Esq., Hartford, CT.

FOR APPELLEES:       Douglas P. Morabito, Assistant United States Attorney (Sandra S. Glover, *of counsel*), *for* David B. Fein, United States Attorney for the District of Connecticut, New Haven, CT.

---

Appeal from the United States District Court for the District of Connecticut (Underhill, *J.*). **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellants Oneil and Erik Wilks appeal from a judgment entered by the district court (Underhill, *J.*), dismissing their complaint brought under 28 U.S.C. § 2201 and 8 U.S.C. §§ 1329 and 1503, which sought a declaration that Oneil Wilks had acquired derivative citizenship pursuant to 8 U.S.C. §§ 1432 and 1433 through Erik Wilks, Oneil's father.[1] In 2002, the district court dismissed Oneil's citizenship claim under 8 U.S.C. § 1503(a)(2) for lack of subject matter jurisdiction. In 2007, the district court dismissed Erik Wilks's remaining claim, finding that even assuming Erik had third-party standing to challenge the status of Oneil's citizenship, Oneil was not eligible for citizenship under 8 U.S.C. § 1432(a)(3) because Erik and Oneil's mother were not legally separated. Following that ruling, the lower court entered final judgment, from which Appellants timely appealed. For purposes of our decision, we assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal, and discuss these only where necessary.

Although Appellants' timely appeal from the district court's judgment brings before us both the court's 2002 and 2007 rulings, *see City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 141 n.25 (2d Cir. 2011) ("[W]hen a district court enters a final judgment in a case,

---

[1] Section 1432 of Title 8 was repealed in 2000 and replaced by the Child Citizenship Act ("CCA"), 8 U.S.C. § 1431. *See generally Smart v. Ashcroft*, 401 F.3d 119, 122 (2d Cir. 2005) (discussing the enactment of the CCA). It governs here, however, because the relevant events took place prior to the CCA's enactment, and that statute does not apply retroactively. *See Drakes v. Ashcroft*, 323 F.3d 189, 191 (2d Cir. 2003) (per curiam). Additionally, Section 1433 of Title 8 has been amended subsequent to the events in this case, but for purposes of this appeal, we apply the version in place at the time of those events.

interlocutory orders rendered in the case . . . merge with the judgment." (internal quotation marks omitted)), Appellants fail to address Erik's claim and do not identify any error in the district court's 2007 decision. Thus, they have waived any challenge to that ruling and to any argument they might advance as to Erik's claim. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Nevertheless, even if we considered Erik's claim, and even assuming Erik had third-party standing to challenge the status of Oneil's citizenship, the district court correctly determined that Oneil was ineligible for citizenship under 8 U.S.C. § 1432(a)(3) because Erik and Oneil's mother were not legally separated. *See Lewis v. Gonzales*, 481 F.3d 125, 130 (2d Cir. 2007) (per curiam) (holding that § 1432(a)(3) requires that an applicant's parents "have achieved a 'legal separation' before [the applicant] could receive automatic, derivative citizenship through his father," and that it was immaterial that the applicant's "parents never married").

In its 2002 ruling, the district court dismissed Oneil's claim for lack of subject matter jurisdiction under 8 U.S.C. § 1503(a). We review the factual underpinnings of that decision for clear error and any legal conclusions *de novo. See generally Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008). Section 1503(a) of Title 8 vests a district court with jurisdiction to grant a declaration of citizenship to any person who "claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency . . . upon the ground that he is not a national of the United States," except if "the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceeding . . . or (2) is in issue in any such removal proceeding."

-3-

The district court found that it lacked jurisdiction under § 1503(a)(2) to consider Oneil's claim of citizenship because in 2002, Oneil's status as a United States citizen was "in issue" in his removal proceeding. This determination was correct.

By its plain language, § 1503(a)(2) bars a district court from reviewing an administrative decision denying a non-citizen's claim of citizenship if the question of that person's nationality is "in issue" in a pending removal proceeding. Here, Oneil's removal proceeding was pending at the time he filed his complaint seeking declaratory relief in district court, and because he challenged his removal on the basis that he was a United States citizen, his status as a United States national was clearly "in issue" in his removal proceedings. Section 1503(a)(2) thus deprived the district court of subject matter jurisdiction to consider Oneil's claim. *See Ortega v. Holder*, 592 F.3d 738, 743 (7th Cir. 2010) (interpreting § 1503(a)(2) as providing that "an individual may not institute a § 1503(a) action if nationality is 'in issue,' that is, being disputed, in an ongoing removal proceeding").

Oneil asserts that despite the language of § 1503(a), a federal court retains subject matter jurisdiction to consider a non-citizen's claim of citizenship because such a claim raises a constitutional issue or a question of law, relying on our decisions in *Poole v. Mukasey*, 522 F.3d 259 (2d Cir. 2008), and *Ashton v. Gonzales*, 431 F.3d 95 (2d Cir. 2005). Oneil fails to recognize, however, that those decisions concerned the jurisdictional bar imposed by 8 U.S.C. § 1252(a)(2), which limits our review of final orders of removal against non-citizens who are removable for having committed an aggravated felony, "unless the petition raises a constitutional claim or a question of law." *Poole*, 522 F.3d at 262 (discussing 8 U.S.C. § 1252(a)(2)(C) & (D)). The jurisdictional bar imposed by § 1252(a)(2)(C) bears no relation to § 1503(a), however, as the

former limits our jurisdiction to review petitions from decisions of the Board of Immigration Appeals, whereas the latter limits the district court's authority to review an agency decision concerning an individual's claim of citizenship. *Poole* and *Ashton* are thus inapposite.

The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK