19-1646-ag
Antonio Sebastian McPherson v. Merrick B. Garland

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand twenty one.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             STEVEN J. MENASHI,
                  *Circuit Judges.*

_____

ANTONIO SEBASTIAN MCPHERSON, AKA ANTONIO
MCPEARSON, AKA ANTONIO S. MCPHERSON,
AKA ANTONIO S. BESWICK,

                              *Petitioner-Appellant,*

                    v.                                              19-1646-ag

MERRICK B. GARLAND, UNITED STATES ATTORNEY
GENERAL,

                              *Respondent-Appellee.*[1]
_____

Appearing for Appellant:          Afshan J. Khan, The Law Office of Delmas A. Costin,
                                  Jr., Bronx, N.Y.

Appearing for Appellee:           Arthur L. Rabin, Trial Attorney (Stephen J. Flynn,
                                  Assistant Director, Office of Immigration Litigation,
                                  Joseph H. Hunt, Assistant Attorney General, Civil
                                  Division, *on the brief*), *for* Merrick B. Garland, United

[1]The Clerk of Court is directed to amend the caption as above.

States Attorney General, United States Department of Justice, Washington, D.C.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review be and it hereby is **DENIED,** the BIA's decision is **AFFIRMED**, and the stay is **VACATED**.

Antonio Sebastian McPherson, a native and citizen of Jamaica, seeks review of a May 9, 2019, decision of the Board of Immigration Appeals ("BIA") affirming a July 6, 2018, decision of an Immigration Judge ("IJ") rejecting McPherson's claim of derivative citizenship and denying his application for relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

McPherson asserts that he derived U.S. citizenship from his adoptive mother who naturalized in 1989, before he came to the United States, and that the relevant derivative citizenship statute violates the Equal Protection Clause. We review these claims de novo. *See* 8 U.S.C. § 1252(a)(2)(C), (D), (b)(5)(A); *Gil v. Sessions*, 851 F.3d 184, 186 n.1 (2d Cir. 2017). In determining whether an individual has derived citizenship, the applicable law is the law that was in effect at the time the last requirement for derivative citizenship is purportedly fulfilled. *Ashton v. Gonzales*, 431 F.3d 95, 97 (2d Cir. 2005).

The Immigration and Nationality Act ("INA"), as it was in effect at that time, provided, in relevant part, that "[a] child born outside of the United States of alien parents . . . becomes a citizen of the United States" if, by the time he turns eighteen, both parents have naturalized or the mother has naturalized and "the child was born out of wedlock and the paternity of the child has not been established by legitimation." 8 U.S.C. § 1432(a) (1981), *repealed by* Child Citizenship Act of 2000, Pub. L. 106–395, § 103, 114 Stat. 1631, 1632 (2000). The child must also be "residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent [or parents] . . . or thereafter begins to reside permanently in the United States while under the age of eighteen years." *Id.* McPherson argues that because his biological parents were never married, and his adoptive mother naturalized when he was under eighteen years old, he derived citizenship through his adopted mother's naturalization pursuant to 8 U.S.C. § 1432(a). We disagree.

First, the former INA provided a different statutory subsection for the acquisition of derivative citizenship through adoptive parents. *See id.* § 1432(b). Subsection (b) provides that where the foreign-born child is adopted by alien parents, derivative citizenship under the terms of subsection (a) requires that the child be "residing in the United States at the time of naturalization of such adoptive parent or parents, in the custody of his adoptive parent or parents, pursuant to a lawful admission of permanent residence." *Id.* Although McPherson was born out of wedlock, he was adopted at age twelve and is seeking to derive citizenship through his adoptive parents. McPherson's adoptive mother naturalized in 1989, but McPherson did not reside in the United States as a lawful permanent resident until 1990. Therefore, he did not derive citizenship through her naturalization because he failed to meet the requirements of subsection (b). Second, McPherson's reading of the statute would require us to consider his adoptive mother as his mother under the statute but his biological father as his father. Interpreting the statute in

2

this way does not accord with our approach to statutory interpretation. *See Puello v. Bureau of Citizenship & Immigr. Servs.*, 511 F.3d 324, 327 (2d Cir. 2007) ("[S]tatutory analysis necessarily begins with the plain meaning of a law's text and, absent ambiguity, will generally end there." (internal quotation marks omitted)). McPherson's lack of legitimacy at birth is not relevant to our analysis of his citizenship. An adopted child with two adoptive parents receives citizenship under the former Section 1432(a) through both parents.

Alternatively, McPherson contends that the distinction between biological and adopted children born out of wedlock in the former INA provision violates the equal protection element of the Due Process Clause of the Fifth Amendment. He argues that this distinction is based on legitimacy and subject to the heightened standard articulated in *Clark v. Jeter*, 486 U.S. 456, 461 (1988). However, McPherson's argument is not based on a distinction between legitimated and non-legitimated children but between non-legitimated biological children and non-legitimated adopted children. In *Smart v. Ashcroft*, we held that adopted children are not a protected class. 401 F.3d 119, 122 (2d Cir. 2005). We further held that the distinction between adopted and biological children had a rational basis of advancing Congress's interest in "requir[ing] that an individual have some meaningful connection to the United States before he or she is granted citizenship." *Id.* This decision applies with equal force to a distinction between adopted and biological non-legitimated children. Our precedent forecloses McPherson's constitutional challenge to the former INA.

Separately, McPherson contends that he is likely to be tortured in Jamaica because he is bisexual and will be perceived as gay. An applicant for CAT relief must show that it is "more likely than not" that he will be tortured. 8 C.F.R. § 1208.16(c)(2). "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . when such pain or suffering is inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official . . . or other person acting in an official capacity." *Id.* § 1208.18(a)(1). An applicant for CAT relief must establish that someone in his "particular alleged circumstances is more likely than not to be tortured." *Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) (italics omitted). We review the denial of CAT relief "under the deferential substantial-evidence standard." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1693 (2020). Under this standard, "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

The agency concluded that McPherson had not established a likelihood of torture by or with the acquiescence of Jamaican officials. The record does not compel a contrary conclusion. The evidence before the agency reflected that gay or bisexual individuals suffer discrimination and sometimes physical violence in Jamaica. However, as the agency noted, the country condition evidence in the record demonstrated that efforts were underway in Jamaica to combat this discrimination, and the Jamaican government did not appear to be deliberately targeting gay or bisexual individuals. Furthermore, McPherson did not show that his sexual orientation was or would become known in Jamaica. He testified that no one in Jamaica knows he is bisexual other than a pastor he spoke to as a child. Considering his personal circumstances, the agency reasonably concluded that the country conditions evidence of general discrimination and some violence toward gay or bisexual individuals did not establish that McPherson would more likely than not face torture. *See Wang*, 320 F.3d at 144.

3

For the foregoing reasons, the petition for review is DENIED, and the stay is VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk