**Edmundo RUIZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

**No. 18960.**

United States Court of Appeals
Sixth Circuit.

May 7, 1969.

Bernard Mosesson, Cleveland, Ohio, for petitioner, Rollins & Mosesson, Cleveland, Ohio, on brief.

Murray R. Stein, Dept. of Justice, Washington, D. C., Robert M. Draper, U. S. Atty., Thomas R. Smith, Asst. U. S. Atty., Cincinnati, Ohio, for respondent, Paul A. Nejelski, Dept. of Justice, Washington, D. C., of counsel.

Before CELEBREZZE and PECK, Circuit Judges, and GORDON*, District Judge.

PER CURIAM.

Petitioner was born in Doctor Arroyo, Mexico on November 21, 1943. His father was a citizen of the United States at that time having been born in Texas on February 28, 1923. His mother was a citizen of Mexico at the time of Petitioner's birth, and is now legally residing in this country as a resident alien. Petitioner's parents were married in Mexico in 1940.

Petitioner last entered this country from Mexico on or about December 10, 1967 claiming to be a citizen of the United States and thus avoided inspection as an alien. He was found deportable from the United States under Section 241(a)(2) of the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. § 1251(a)(2), by a Special Inquiry Officer of the Immigration and Naturalization Service for the reason that Petitioner

---

* Honorable James F. Gordon, United States District Judge for the Western District of Kentucky, sitting by designation.

was an alien who had entered this country without inspection.

The Special Inquiry Officer denied an application for voluntary departure finding that Petitioner was statutorily ineligible under Section 244(e) of the Act, 8 U.S.C. § 1254(e), which provides that applicants for voluntary departure must be able to show good moral character for five years prior to their application in order to be eligible. See Section 101(f) (1), (7) and (8) of the Act, 8 U.S.C. § 1101(f) (1), (7) and (8). In 1964, Petitioner was convicted of murder in Mexico and served a three-year sentence. In an eighteen month period between September, 1961 and June, 1963, he was arrested four times and had three convictions for being drunk and disorderly in the City of Toledo, Ohio.

Petitioner appealed the finding of the Special Inquiry Officer to the Board of Immigration Appeals contending that he was a citizen of the United States by birth. The Board of Immigration Appeals dismissed the appeal and upheld the denial of voluntary departure.

A petition to review the decision of the Board of Immigration Appeals was filed pursuant to Section 106(a) of the Act, 8 U.S.C. § 1105a(a) with this Court.

We have carefully reviewed the applicable statutes involved, and determined that the Board was correct in its findings that Petitioner was not a citizen of the United States inasmuch as his father did not meet the requirements of Section 201(g) of the Nationality Act of 1940, 54 Stat. 1137, 8 U.S.C. § 601(g) (1942 ed.),[1] and further, in light of Petitioner's record we cannot say that the Board abused its discretion in denying voluntary departure.

It is therefore, ordered, adjudged and decreed that the order of deportation be and it is hereby affirmed.

---

[1]. Section 201(g) states in pertinent part: "The following shall be nationals and citizens of the United States at birth: "(g) A person born outside the United States and its outlying possessions of parents one of whom is a citizen of the United States who, prior to the birth of such person, has had ten years' residence in the United States or one of its outlying possessions, *at least five of which were after attaining the age of sixteen years*." (Emphasis added.)