**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Sergio PEREZ–TOLEDO,
Defendant–Appellant.**

No. 07–50066.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2007.*

Filed Dec. 12, 2007.

USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Gary P. Burcham, Esq., San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, NOONAN, and TROTT, Circuit Judges.

MEMORANDUM **

Sergio Perez–Toledo ("Perez") was convicted under 8 U.S.C. § 1326 ("Section 1326") for being a deported alien found in the United States. He appeals his conviction by collaterally attacking the validity of the underlying deportation order. The parties are familiar with the facts; we proceed to the law.

To sustain a collateral attack under Section 1326, a defendant must demonstrate that: "(1) [he] exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). Perez did not appeal his deportation in 2000 to the Board of Immigration Appeals ("BIA"),

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

thereby failing to exhaust his administrative remedies as required under Section 1326(d)(1). Because he brings a constitutional challenge to the immigration laws, however, Perez is excused from the exhaustion requirement. *See Rashtabadi v. INS,* 23 F.3d 1562, 1567 (9th Cir.1994) ("[a]n exception to the exhaustion requirement has been carved for constitutional challenges" to the immigration laws); *Padilla-Padilla v. Gonzales,* 463 F.3d 972, 977 (9th Cir.2006) ("The BIA does not have jurisdiction to determine the constitutionality of the statutes it administers.").

We move to the second requirement of Section 1326(d): Did Perez's deportation proceeding improperly deprive him of the opportunity for judicial review? He is barred from asserting that it did so "if he validly waived the right to appeal [the deportation order] during the ... proceedings." *United States v. Pallares-Galan,* 359 F.3d 1088, 1096 (9th Cir.2004) (quoting *United States v. Muro-Inclan,* 249 F.3d 1180, 1182 (9th Cir.2001)). Perez waived his right to appeal during his deportation hearing in 2000; our analysis turns to the validity of this waiver.

Perez maintains that the failure of the Immigration Judge ("IJ") to advise him of a possible constitutional challenge to the immigration laws renders his waiver invalid. He relies on authority stating that where the record before the IJ "contains an inference that the petitioner is eligible for relief from deportation, 'the IJ must advise the alien of this possibility and give him the opportunity to develop the issue.'" *United States v. Arrieta,* 224 F.3d 1076, 1079 (9th Cir.2000) (quoting *Moran-Enriquez v. INS,* 884 F.2d 420, 422–423 (9th Cir.1989)). Failure to do so renders an alien's waiver "not 'considered and intelligent,'" depriving the alien "of his right ... to a meaningful opportunity for judicial review." *Pallares-Galan,* 359 F.3d at

1096 (citing *United States v. Leon-Paz,* 340 F.3d 1003, 1005 (9th Cir.2003)).

Perez's reliance is misplaced: The record before the IJ contained no inference that Perez might be eligible for relief. First, the key fact undergirding Perez's constitutional claim was never brought to the IJ's attention: Perez never told him that his grandmother had been born in the United States. "IJs are not expected to be clairvoyant; the record before them must fairly raise the issue." *Moran-Enriquez,* 884 F.2d at 422. Where the alien does not raise the issue, and the record contains no inference that a possible route to relief is available, the IJ has no duty to inform him of such a route.

Second, Perez's equal protection claim is without merit. Our review of immigration laws has been "equated ... with rational basis review." *Barthelemy v. Ashcroft,* 329 F.3d 1062, 1065 (9th Cir.2003). The residency requirement imposed by section 201(g) of the Nationality Act of 1940 ("Section 201(g)") is rationally related to ensuring that U.S. citizen parents have developed sufficient ties to the United States to pass on a similar attachment to their foreign-born children. That a portion of this residency must have occurred after the rights and duties of adult citizenship have begun to accrue is neither irrational nor arbitrary. The line drawn by the statute may not be perfect, but a single facially legitimate rationale for an immigration law requires us to uphold its constitutionality. *See Fiallo v. Bell,* 430 U.S. 787, 794–95, 97 S.Ct. 1473, 52 L.Ed.2d 50 (1977); *Barthelemy,* 329 F.3d at 1065.

Third, Perez fails in his argument that his constitutional claim, even if ultimately unsuccessful, is sufficiently plausible to impose a duty on the IJ to inform him of the possibility of relief through an equal protection challenge. Not only the principles of constitutional review, but Ninth Circuit

precedent weighs against him. *See Runnett v. Shultz,* 901 F.2d 782 (9th Cir.1990) (rejecting an equal protection challenge to Section 201(g) based on the disparate treatment of legitimate and illegitimate children); *Uribe–Temblador v. Rosenberg,* 423 F.2d 717 (9th Cir.1970) (declining to hold Section 201(g) unconstitutional where the U.S. citizen parent, like Perez's grandmother, had left the United States as a child); *see also United States v. Garza–Sanchez,* 217 F.3d 806, 809–810 (9th Cir. 2000) (even where three cases from another circuit had upheld constitutional challenges to a deportation law, the IJ's failure to inform the alien of the possibility of a similar constitutional challenge did not render the alien's waiver invalid).

Perez's waiver in his deportation proceeding was valid, and he was not improperly denied an opportunity for judicial review. His collateral attack on the deportation order underlying his conviction must therefore fail.

For the reasons stated, the judgment of the district court is AFFIRMED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.