*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 12a0129p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

————————————

VICTOR GUZMAN,

        *Plaintiff-Appellant,*

    *v.*

UNITED STATES DEPARTMENT OF HOMELAND
SECURITY,

        *Defendant-Appellee.*

No. 10-2243

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:09-cv-13578—Denise Page Hood, District Judge.

Argued: April 19, 2012

Decided and Filed: May 10, 2012

Before: MARTIN, SUTTON, and KETHLEDGE, Circuit Judges.

————————————

**COUNSEL**

**ARGUED:** Roger R. Rathi, LEGALQUEST NETWORK, P.C., Southfield, Michigan, for Appellant. Samuel P. Go, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Roger R. Rathi, LEGALQUEST NETWORK, P.C., Southfield, Michigan, for Appellant. Samuel P. Go, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

————————————

**OPINION**

————————————

BOYCE F. MARTIN, JR., Circuit Judge. This is an immigration case. Victor Guzman challenges the district court's dismissal of his claims of United States citizenship, arguing that the district court failed to adjudicate several of his claims and misinterpreted a federal immigration statute when applying it to him. For the following reasons, we **AFFIRM** the judgment of the district court.

1

**I.**

Guzman seeks United States citizenship through his mother or his stepfather, both of whom are United States citizens.  The facts—as summarized by the district court in *Guzman v. U.S. Department of Homeland Security*, No. 09-13578, Order Granting Def.'s Mot. to Dismiss and Dismissing Action, 1-3 (E.D. Mich. Aug. 31, 2010)—are as follows:

> Plaintiff was born on December 13, 1946 in Mexico.  His mother, Florez Guadalupe Sequeda, was a United States citizen born on February 22, 1930; his father was a Mexican national.  His mother came from a migrant family that frequently traveled between the U.S. and Mexico.  In 1945, Plaintiff's biological parents married in Mexico.  Following his parents' separation, Plaintiff allegedly entered the U.S. in May of 1949 at the age of two.  It is disputed whether this was a legal entry.  Plaintiff alleges that he entered the U.S. with his mother at a designated port of entry, Brownsville, Texas, where he and his mother passed through the border without further inspection.
>
> Plaintiff's mother subsequently remained in the U.S. and divorced Plaintiff's father.  She remarried Matias Vasques, a U.S. citizen, on June 2, 1960.  There is no claim or evidence that his stepfather adopted or otherwise legitimated Plaintiff.  Plaintiff alleges that he has been living in the United States continuously for the last sixty years, and has been married to his wife, Laverne Guzman, a U.S. citizen, since 1967.  Plaintiff is the primary caretaker of his disabled son, Tony, who has spinal meningitis and requires constant care, which is furnished by Plaintiff and his wife.
>
> Around July 30, 2003, Plaintiff filed an N-600 form with [the Department of Homeland Security] requesting a Certificate of Citizenship based on his mother's citizenship under 8 U.S.C. § 1401 or its predecessor statute related to Nationality.  In December 2004, Plaintiff filed a separate N-600 form claiming citizen status through his mother and U.S. citizen stepfather.  On August 13, 2009, the [Administrative Appeals Office] issued a final decision denying both applications, arguing that Plaintiff's case was controlled by the Nationality Act of 1940, because that was the applicable law at the time of his birth.  In order for Plaintiff to derive citizenship from his mother, the statute required that his mother be physically present in the U.S. for ten years.  Five of the ten years must have been after the age of sixteen, prior to Plaintiff's birth.  The [Administrative Appeals Office] ruled that Plaintiff's mother did not meet the physical presence requirement because she had given birth to Plaintiff at the age of sixteen.  Further, it found that Plaintiff had failed to provide evidence that his stepfather had

adopted him, and that citizenship could not be derived in cases where the parent is not the natural or adoptive parent. The [Administrative Appeals Office] also found that Plaintiff had not proven that he had been admitted as a lawful resident prior to his eighteenth birthday, which was required to establish prima facie eligibility for attaining citizenship.

In September 2009, Guzman filed suit in the district court against the Department, alleging that the Nationality Act of 1940 is unconstitutional because it violates the equal protection clause and because the Department's interpretation of the Act creates an arbitrary, irrational, and inequitable outcome. The Department filed a motion to dismiss for failure to state a claim. The district court dismissed Guzman's action with prejudice. Guzman appeals.

## II.

This Court reviews de novo a district court's dismissal of a case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009). We accept the plaintiff's factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005). We will affirm the district court only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Marks v. Newcourt Credit Grp., Inc.*, 342 F.3d 444, 452 (6th Cir. 2003).

## III.

Guzman appeals the district court's dismissal of his case pursuant to Rule 12(b)(6), arguing that the district court erred by: (1) failing to adjudicate his claim for citizenship under section 314 of the Nationality Act of 1940, Pub. L. No. 76-853, 54 Stat. 1137; (2) failing to adjudicate his claims for citizenship under 8 U.S.C. §§ 1431 and 1433; and (3) finding under a rational basis analysis that section 201(g) of the Nationality Act does not produce an absurd result.

### A.        Citizenship Claim under Section 314 of the Nationality Act

Guzman argues that the district court erred in failing to adjudicate his claim of citizenship under section 314 of the Nationality Act of 1940 (the version of the statute in effect at the time of Guzman's birth).  However, Guzman failed to raise this claim in his complaint; he first raised it in his response brief in opposition to the Department's motion to dismiss, and never moved for leave to amend his complaint under Federal Rule of Civil Procedure 15(a).

Because Guzman's complaint did not contain his section 314 claim, the district court correctly ignored that claim in ruling on the Department's 12(b)(6) motion.  When presented with such a motion, courts consider whether the *complaint* states a claim upon which relief could be granted, not whether the plaintiff has stated—or could state—such a claim elsewhere.  *See, e.g.*, *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 562 (6th Cir. 2003).  Guzman did not state a section 314 claim in his complaint, nor did he seek leave to amend his complaint.  The district court did not err in failing to grant leave to amend the complaint where no such leave was requested.  *See, e.g.*, *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1041-42 (6th Cir. 1991).  In light of Guzman's failure to present his section 314 claim to the district court properly, we decline to address this claim in the first instance on appeal.  *See Taft Broad. Co. v. United States*, 929 F.2d 240, 243 (6th Cir. 1991).

### B.        Citizenship Claims under 8 U.S.C. §§ 1431 and 1433

Guzman also argues that the district court erred in failing to adjudicate his claims of citizenship under 8 U.S.C. §§ 1431 and 1433, which allow for a grant of citizenship to foreign-born children of United States citizen parents in certain circumstances. Guzman—who is now more than sixty-five years old—raised both of these arguments in his complaint, claiming that the government should retroactively apply sections 1431 and 1433 to him as if he had applied for citizenship under them while still a minor.

Section 1431(a) provides that:

A child born outside of the United States automatically becomes a citizen of the United States when all of the following conditions have been fulfilled:

> (1)    At least one parent of the child is a citizen of the United States, whether by birth or naturalization.
> (2)    The child is under the age of eighteen years.
> (3)    The child is residing in the United States in the legal and physical custody of the citizen parent pursuant to a lawful admission for permanent residence.

Section 1433 provides that:

A parent who is a citizen of the United States (or, if the citizen parent has died during the preceding 5 years, a citizen grandparent or citizen legal guardian) may apply for naturalization on behalf of a child born outside of the United States who has not acquired citizenship automatically under section 1431 of this title. The Attorney General shall issue a certificate of citizenship to such applicant upon proof, to the satisfaction of the Attorney General, that the following conditions have been fulfilled:

> (1)    At least one parent (or, at the time of his or her death, was) is a citizen of the United States, whether by birth or naturalization.
> (2)    The United States citizen parent—
>> (A)    has (or, at the time of his or her death, had) been physically present in the United States or its outlying possessions for a period or periods totaling not less than five years, at least two of which were after attaining the age of fourteen years; or
>> (B)    has (or, at the time of his or her death, had) a citizen parent who has been physically present in the United States or its outlying possessions for a period or periods totaling not less than five years, at least two of which were after attaining the age of fourteen years.
> (3)    The child is under the age of eighteen years.
> (4)    The child is residing outside of the United States in the legal and physical custody of the applicant (or, if the citizen parent is deceased, an individual who does not object to the application).

(5)     The child is temporarily present in the United States pursuant to a lawful admission, and is maintaining such lawful status.

Sections 1431 and 1433 are part of the Child Citizenship Act, enacted in 2000. The Child Citizenship Act "allows a child to achieve derivative citizenship where only one parent is a U.S. citizen, and eliminates the requirement that adopted children reside with their adoptive parents at the time of their naturalization." *Smart v. Ashcroft*, 401 F.3d 119, 122 (2d Cir. 2005). The First, Second, Third, Fifth, Seventh, Ninth, and Eleventh Circuits have found that the Child Citizenship Act is not retroactive and can only be applied to individuals who were under eighteen as of the effective date of this Act. *Drakes v. Ashcroft*, 323 F.3d 189, 191 (2d Cir. 2003) ("The [Act's] derivative citizenship provision applies only to children who, as of the effective date of the [Act] . . . are under eighteen years of age . . . . As such the [Act] does not confer citizenship retrospectively.") (collecting cases from the First, Fifth, Ninth, and Eleventh Circuits); *see Smart*, 401 F.3d at 122 ("The [Act does] not benefit [plaintiff] because the [Act] is not retroactive, and [plaintiff] was no longer under eighteen years old upon its enactment." (citation omitted)); *Morgan v. Att'y Gen. of U.S.*, 432 F.3d 226, 230 n.1 (3d Cir. 2005); *Dave v. Ashcroft*, 363 F.3d 649, 654 (7th Cir. 2004). We join our sister circuits in finding that sections 1431 and 1433 do not apply retroactively. While the district court did not make any explicit findings on Guzman's claims under sections 1431 and 1433, the district court did not err in dismissing these claims with prejudice.

**C.     Citizenship Claim under Section 201(g) of the Nationality Act**

Section 201(g) of the Nationality Act of 1940 provides, in relevant part, that the "following shall be nationals and citizens of the United States at birth:"

[a] person born outside the United States and its outlying possessions of parents one of whom is a citizen of the United States who, prior to the birth of such person, has had ten years' residence in the United States or

one of its outlying possessions, at least five of which were after attaining the age of sixteen years, the other being an alien . . . .**1**

Guzman argues that the district court erred in analyzing his 201(g) claim by: (1) applying the rational basis test, rather than intermediate scrutiny, to find that the citizen-parent's age requirement is constitutional; and (2) "fail[ing] to reject" interpretations of the statute that produce "an unjust, unreasonable, or absurd result."

### 1.        Constitutionality of Section 201(g)'s Age-Based Requirement

The parties do not dispute that the plain language of the statute requires that Guzman's United States citizen mother must have been physically present in the United States for five years after the age of sixteen and prior to Guzman's birth in order for him to derive citizenship through her under section 201(g). Instead, Guzman argues that the statute is unconstitutional because the age-based requirement for the United States citizen parent violates the Equal Protection Clause of the Fourteenth Amendment. The district court, under the rational basis test, found that this requirement is constitutional because it is "rationally related to Congressional intent to foster ties between the foreign-born child and the United States." Guzman challenges the district court's rational basis finding, and argues that the district court should have applied intermediate scrutiny to analyze whether the age-based requirement is unconstitutionally discriminatory toward children of young parents.

"The role of the courts in analyzing an equal protection challenge to a federal immigration statute is limited to determining whether the statute at issue is conceivably related to the achievement of the federal interest." *Almario v. Att'y Gen.*, 872 F.2d 147, 152 (6th Cir. 1989) (internal quotation marks omitted). The Supreme Court's long-acknowledged "deference to Congress with respect to immigration law has led this court to uphold statutory distinctions between classes of aliens if predicated on a rational basis." *Hamama v. INS*, 78 F.3d 233, 237 (6th Cir. 1996) (internal quotation marks

---

**1**The full text of the statute provides additional citizenship requirements and exceptions for children of parents employed by the United States government or by a United States religious, philanthropic, commercial, educational, scientific, or financial organization. Guzman does not claim that he falls under any of these exceptions.

omitted).  Even in the non-immigration context, "[s]tates may discriminate on the basis of disability or age as long as the classification is rationally related to a legitimate state interest."  *Coleman v. Ct. App. of Md.*, 132 S.Ct. 1327, 1349 (2012).  "[W]hen conducting rational basis review we will not overturn such government action unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the government's actions were irrational."  *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 84 (2000) (alterations and internal quotation marks omitted).

The district court did not err in applying the rational basis test to this claim.  The district court also did not err in finding that section 201(g)'s age-based requirement is constitutional; section 201(g) is rationally related to Congress's interest in achieving the legitimate purpose of ensuring that the citizen parent has developed adult ties to the United States sufficient to pass along these ties to the child.  *See, e.g.*, *Ruiz v. INS*, 410 F.2d 382, 383 (6th Cir. 1969) (per curiam) (reviewing Board of Immigration Appeals' findings under section 201(g)); *United States v. Perez-Toledo*, 259 F. App'x 915, 916 (9th Cir. 2007) (same).

> 2.    Absurdity of the District Court's Interpretation of Section 201(g)

"In matters of statutory interpretation, we look first to the text and, if the meaning of the language is plain, then 'the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'" *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1106 (6th Cir. 2010) (quoting *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004)).  "Interpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available." *Lockhart v. Napolitano*, 573 F.3d 251, 261 (6th Cir. 2009) (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 575 (1982)) (alteration and internal quotation marks omitted).

The district court found that Guzman was not eligible for citizenship under section 201(g) because his mother had not lived in the United States for "at least five [years] after attaining the age of sixteen years," which was her age at Guzman's birth.

Guzman argues that the district court erred in interpreting section 201(g) to mean that foreign-born children of United States citizens younger than twenty-one years old cannot themselves be deemed United States citizens at birth. Guzman claims that the district court's interpretation of the statute is "oppressively harsh and utterly absurd."

The district court's interpretation of section 201(g) is not absurd, unreasonable, or unjust. The language of the statute is plain: it provides that a foreign-born individual is a United States citizen at birth under section 201(g) if his or her United States citizen parent lived in the United States for ten years, "at least five of which were after" the parent turned sixteen, prior to the individual's birth. First, under the above analysis, this result is not absurd because it is rationally related to a legitimate legislative purpose. Second, because naturalization is a privilege, not a right, *Schneiderman v. United States*, 320 U.S. 118, 131 (1943), it is not absurd to require one parent to have adulthood ties to the United States prior to granting the privilege of citizenship to his or her child. The district court did not err in finding that section 201(g) does not produce an absurd result.

While Guzman is not presently faced with an immigration action against him, we note that his ability to defend against such an action by establishing citizenship through alternate routes may be in question because his entry to the United States at age two was not recorded. It seems unduly harsh for a two-year-old to be punished for his teenage mother's lack of diligence. This issue, however, is left to future determination if Guzman chooses to raise such a claim.

**IV.**

For the foregoing reasons, we **AFFIRM** the judgment of the district court.