NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0004n.06

No. 11-6462

**FILED**

*Jan 02, 2013*

DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

DERRICK COE, )
)
    Plaintiff-Appellant, )
)
v. )    ON APPEAL FROM THE UNITED
)    STATES DISTRICT COURT FOR
HOMECOMINGS FINANCIAL, LLC; )    THE WESTERN DISTRICT OF
GMAC MORTGAGE, LLC, )    TENNESSEE
)
    Defendants-Appellees. )

Before:  MARTIN and WHITE, Circuit Judges; ECONOMUS, District Judge.[*]

PER CURIAM.  Derrick Coe, who is represented by counsel, appeals a district court judgment dismissing his complaint alleging violations of state and federal law regarding the foreclosure of his home.  Counsel for Homecomings Financial, LLC and GMAC Mortgage, LLC has notified this Court that a bankruptcy court has issued a stay for certain proceedings.  Our disposition of this appeal does not impact the bankruptcy proceedings because the bankruptcy judge specifically exempted from the stay order actions enjoining foreclosure proceedings.  Therefore, we will address the merits of this appeal.

On September 27, 2010, Coe filed a pro se complaint in the Chancery Court for Shelby County, Tennessee, seeking to set aside a foreclosure sale on property he owned in Collierville, Tennessee. Coe also sought injunctive relief against defendants Homecomings Financial and Wilson and Associates, PLLC.  Coe asserted that the foreclosure violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., and that he would suffer irreparable harm if the foreclosure sale was allowed

---

[*]The Honorable Peter C. Economus, United States Senior District Judge for the Northern District of Ohio, sitting by designation.

to proceed. Coe filed an amended complaint, adding GMAC Mortgage as a defendant. Coe merely added GMAC to the complaint's caption without setting forth any additional factual allegations or causes of action.

Homecomings and Wilson removed the case to the United States District Court for the Western District of Tennessee. Wilson then filed a motion to dismiss. A magistrate judge entered a scheduling order establishing February 23, 2011, as the deadline for any motions to amend the pleadings. Coe's counsel entered an appearance on February 13, 2011, and filed a response to Wilson's motion on March 2, 2011. The district court subsequently granted Wilson's motion to dismiss. On May 25, 2011, GMAC and Homecomings filed their motion to dismiss. In response to the motion, Coe filed on July 8, 2011, a motion to amend his complaint, as well as a motion to amend the scheduling order. The district court granted GMAC's and Homecomings's motion to dismiss and denied Coe's pending motions.

The district court's judgment is reviewed de novo. *Guzman v. U.S. Dep't of Homeland Sec.*, 679 F.3d 425, 429 (6th Cir. 2012).

The district court properly dismissed Coe's complaint. Coe simply asserts that there was a breach of contract and that he was unaware of Homecoming's right to enforce the terms of the contract. However, Coe failed to provide the basic details of any contract. Coe also asserts that Homecomings lacked the authority to demand foreclosure on his property because the loan's note endorsement lacked authenticity. However, Coe failed to submit a copy of the note, any details of the note, or even the entity that was a party to the note. These pleadings fail to comply with Federal Rule of Civil Procedure 8. *See Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

Coe also asserts that Homecomings lacked authority to demand foreclosure on his property because Homecomings did not possess or own the original note and deed of trust. If such an obligation arose under a contract among the parties, the allegations are not sufficiently detailed to comply with Rule 8. Further, Coe's first amended complaint simply adds GMAC to the caption of the complaint. The amendment does not allege any specific facts with regard to GMAC as required by Rule 8. Therefore, the district court did not err in dismissing Coe's complaint.

On appeal, Coe challenges the district court's denial of his motion to amend the complaint. The district court's decision in this regard is reviewed for an abuse of discretion. *See United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003). If a motion to amend is filed after a scheduling order deadline, the movant must demonstrate "good cause" for the district court to grant the motion. *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003). Good cause is established by demonstrating that "despite their diligence [plaintiffs] could not meet the original deadline." *Id.* Additionally, the district court must consider the potential prejudice to the non-moving party. *Id*. at 907–09.

Coe failed to show that he was diligent in moving to file an amended complaint. Coe did not seek to file his second amended complaint until July 8, 2011, or nearly five months after the scheduling order's deadline had passed. Further, Coe should have been aware of the deficiencies in his complaint when the district court granted Wilson's motion to dismiss. However, Coe waited an additional two months before seeking to amend his complaint. Given these facts, the district court did not abuse its discretion in denying Coe's motion to amend.

The district court's judgment is affirmed.