NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0128n.06

No. 12-1691

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Feb 04, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ROGERS A. NWABUE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| WAYNE STATE UNIVERSITY SCHOOL | ) | THE EASTERN DISTRICT OF |
| OF MEDICINE; DETROIT MEDICAL | ) | MICHIGAN |
| CENTER; THEODORE B. JONES, M.D., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before:  MARTIN and SUTTON, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM.  Rogers A. Nwabue, a pro se Michigan resident, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. § 2000e et seq. (Title VII), and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., for failure to state a claim upon which relief could be granted.

In September 2011, Nwabue sued Wayne State University School of Medicine, Detroit Medical Center, and Dr. Theodore Jones, contending that he was discriminated against based on his age and his Nigerian national origin.  Nwabue claimed that the defendants refused to hire him as a post-graduate year three (PGY3) resident when he applied for the position on July 28, 2009. Nwabue asserted that the defendants lied to him and told him that the position had been filled. However, it had in fact remained vacant until June 2011.  Nwabue asserted in documents filed with

_____

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

the Equal Employment Opportunity Commission (EEOC) that Jones "emphasized" his age. The defendants subsequently hired Pedro Argoti, who was thirty years old and Hispanic, during "the same year" as a transfer student. Nwabue stated that he "c[ould] only conclude" that he was not hired due to his age, his Nigerian national origin, "and in retaliation for complaining of a protected activity."

On November 16, 2011, the defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On November 17, 2011, Nwabue moved for a default judgment. On November 21, 2011, the district court clerk denied Nwabue's motion for a default judgment because the defendants had filed a dispositive motion on November 16, 2011. Nwabue then filed a response to the defendants' motion to dismiss. He also moved for a default and/or summary judgment, along with a request for injunctive relief.

The district court denied Nwabue's motion and granted the defendants' motion to dismiss. The district court determined that Nwabue had not proved hiring discrimination because he had not alleged that he was qualified for the position and his allegations were merely conclusory assertions.

In his timely appeal, Nwabue argues that the district court abused its discretion in denying his motion for a default judgment. He contends that the defendants engaged in fraud and misrepresentation because he had not waived service of process, as alleged by the defendants. Thus, the defendants' November 16, 2011, motion to dismiss, which was due no later than October 31, 2011, was late. However, because the defendants already had "plead[ed] or otherwise defend[ed]" by filing their motion to dismiss before Nwabue filed his default motion, the district court clerk properly denied Nwabue's motion. *See* Fed. R. Civ. P. 55(a).

Nwabue also argues that the district court erred in dismissing his civil rights claims pursuant to 42 U.S.C. §§ 1981, 1983, and 1985. Nwabue first alleged violations of §§ 1981, 1983, and 1985 in his motion for summary judgment. This motion was filed after the defendants had filed their motion to dismiss. Nwabue did not seek to amend his complaint to include these civil rights claims.

Further, the district court did not address these claims in its dismissal of Nwabue's complaint. Therefore, we need not consider these claims on appeal. *See Guzman v. U.S. Dep't of Homeland Sec.*, 679 F.3d 425, 429–30 (6th Cir. 2012).

Regarding Nwabue's Title VII and ADEA claims, we review the district court's decision de novo. *Benzon v. Morgan Stanley Distribs., Inc.*, 420 F.3d 598, 605 (6th Cir. 2005). The complaint will survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

To establish a Title VII or an ADEA employment discrimination claim, a plaintiff must present either direct evidence of discrimination, or circumstantial evidence permitting an inference of discriminatory treatment. *Carter v. Univ. of Toledo*, 349 F.3d 269, 272-73 (6th Cir. 2003). Direct evidence of discrimination is evidence that, "if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003) (internal quotation marks and citation omitted). To establish a prima facie case of hiring discrimination based on circumstantial evidence, a plaintiff must show "(1) that he is a member of a protected class; (2) that he applied for, and did not receive, a job; (3) that he was qualified for the job; and (4) that a similarly-situated person who was not in the plaintiff's protected class received the job." *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 463 (6th Cir. 2003).

Nwabue contends that he filed a well-pleaded complaint that contained sufficient facts to meet *Twombly*'s plausibility standard. However, Nwabue's alleged facts and arguments are simply conclusory. He has failed to allege facts sufficient to support a reasonable inference of discrimination based on circumstantial evidence or retaliation. *See Iqbal*, 556 U.S. at 678; *Seay*, 339 F.3d at 463.

Nwabue has asserted both in his complaint and on appeal that the PGY3 position was never filled. He claims in his appellate brief that Argoti was hired in February 2009, which was before he allegedly applied for the position in July 2009. Thus, Nwabue has not alleged any facts indicating that a similarly situated person obtained the particular position for which he applied. *See Seay*, 339 F.3d at 463. Furthermore, although Nwabue contends on appeal that he was qualified for the PGY3 position, he made this assertion for the first time in his response to the defendants' motion to dismiss. Nwabue did not move to amend his complaint to include this claim. Therefore, the district court did not consider the argument and we need not consider it on appeal. *See Guzman*, 679 F.3d at 429–30. Finally, Nwabue did not allege any facts or arguments in his complaint indicating that he was engaging in a protected activity that resulted in retaliation by the defendants. *See Lindsay v. Yates*, 578 F.3d 407, 418 n.10 (6th Cir. 2009).

The district court's judgment is affirmed.