NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0324n.06

Case No. 24-1023

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Jul 02, 2025

KELLY L. STEPHENS, Clerk

ANTONIO LYNN FLUKER, JR.,

    Plaintiff-Appellant,

v.

ALLY FINANCIAL, INC.,

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

O P I N I O N

Before: BOGGS, GIBBONS, and NALBANDIAN, Circuit Judges.

**NALBANDIAN, Circuit Judge.** While incarcerated, Antonio Lynn Fluker, Jr., sued Ally Financial, Inc. for alleged violations of the Telephone Consumer Protection Act. In essence, Fluker alleges that Ally Financial called his cell phone hundreds of times, without his consent, while seeking to recover on a car loan debt. He also alleges that these calls were made using both a pre-recorded voice and an automatic telephone dialing system, in violation of the statute. For these alleged violations, Fluker seeks $300,000 under the statute's liquidated damages provision and an additional $1 million in punitive damages. Ally Financial moved to dismiss for failure to state a claim, which the district court granted. Because Fluker's complaint largely parrots the statute without providing sufficient supporting factual allegations, we affirm.

**I.**

Antonio L. Fluker, Jr., is currently incarcerated for wire fraud and money laundering. Throughout his detention, Fluker has filed several pro se lawsuits against a host of different

defendants—often seeking to recover under a statutory liquidated-damages provision. *See, e.g.*, *Fluker v. Trans Union, LLC*, No. 1:22-cv-12240, 2023 WL 6294186 (E.D. Mich. Sep. 27, 2023).

In this case, Fluker sued Ally Financial for alleged violations of the Telephone Consumer Protection Act (TCPA). Fluker claimed that, between February 2021 and September 2022, Ally Financial "placed more than eight hundred calls" to his cell phone seeking repayment on "an alleged debt connected to a car loan." R.1, Compl., p.6, PageID 6.[1] He also alleged that these calls were made "using an automatic telephone dialing system which contained a pre-recorded voice" in violation of 47 U.S.C. § 227. *Id.* Further mimicking the statute's language, Fluker stated that Ally Financial "did not have [his] prior express consent" and that he had "informed" the company that it should "not call [his] cell phone using pre-recorded messages." *Id.*

Ally Financial moved to dismiss, arguing that Fluker's "formulaic recitation of the elements of a cause of action" did not allege sufficient facts to make his claim plausible. R.15, Mot. to Dismiss, p.8, PageID 41. And Fluker responded by raising new claims under the Michigan Consumer Protection Act (MCPA) to "provide an additional basis for preserving [his] claim and

---

[1] The district court said that "Fluker's central assertion" was "flatly untrue" since "[h]e was incarcerated, without access to a cellphone, during the period spanning February 2021 to September 2022." *Fluker v. Ally Fin. Inc.*, No. 22-cv-12536, 2023 WL 8881154, at *1 n.1 (E.D. Mich. Dec. 21, 2023) (citing *Fluker v. Trans Union, LLC*, No. 1:22-cv-12240, 2023 WL 6294186, at *1 n.1 (E.D. Mich. Sep. 27, 2023)). But Fluker was on supervised released in February 2021. He wasn't placed in federal custody until March 8, 2021. Appellant Suppl. Br. at 2; *see also* Order Scheduling Det. Hr'g & Temp. Det., *United States v. Fluker*, 4:21-cr-20331 (E.D. Mich. Mar. 9, 2021), ECF No. 7. Since Fluker's complaint alleged that he received calls "[o]n or about February 2021 and continuing through September 2022" there isn't complete overlap between the claimed period of his injury and his term of detention. R.1, Compl., p.6, PageID 6. So perhaps he received enough calls while on supervised release to make a claim under the statute. After all, the TCPA "allows a plaintiff to recover damages" even if he receives only one call that violates the statute. *Charvat v. EchoStar Satellite, LLC*, 630 F.3d 459, 465 (6th Cir. 2010). Fluker also claims that his spouse had possession of his phone while he was in jail. But it's unnecessary for us to resolve whether calls made to Fluker's phone while he was incarcerated are actionable. We assume arguendo that he received enough calls to state a claim because his complaint fails for other reasons.

allowing it to proceed to the discovery phase." R.17, Pl.'s Resp. to Mot. to Dismiss, pp.11–12, PageID 64–65. Despite this, the court granted the motion to dismiss with prejudice, holding that "Fluker fail[ed] to plausibly allege that Ally [Financial] made the phone calls using either (1) an automatic telephone dialing system, or (2) an artificial or prerecorded voice." *Fluker v. Ally Fin. Inc.*, No. 22-cv-12536, 2023 WL 8881154, at *2 (E.D. Mich. Dec. 21, 2023). Fluker appealed.

## II.

We review the grant of a motion to dismiss de novo. *Linden v. City of Southfield*, 75 F.4th 597, 601 (6th Cir. 2023). Under Rule 12(b)(6), a district court should only dismiss the complaint when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Such a failure occurs when the complaint lacks "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In examining the plausibility of a claim, we "construe the complaint in the light most favorable to the plaintiff" by accepting all factual allegations as true and drawing all reasonable inferences in his favor. *Wamer v. Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). This is especially true in the context of pro se litigants who "enjoy the benefit of a liberal construction of their pleadings." *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). But such leniency "has limits." *Prime Rate Premium Fin. Corp. v. Larson*, 930 F.3d 759, 767 (6th Cir. 2019) (quoting *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)). And even under this more liberal standard, the pro se plaintiff must still "state a plausible claim for relief." *Davis v. Prison Health Servs.*, 679 F.3d 433, 437–38 (6th Cir. 2012) (quoting *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)). So merely parroting the statutory language—without more—fails the plausibility standard, which

"asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

On appeal, Fluker claims that the district court erred in dismissing his TCPA claims.[2] The statute prohibits calling a cell phone using "any automatic telephone dialing system or an artificial or prerecorded voice" absent an emergency or the called party's express consent. 47 U.S.C. § 227(b)(1)(A). Fluker claims that Ally Financial violated the statute both by using an automatic telephone dialing system and by using a pre-recorded voice. Because he raises two violations of the statute, we address each separately.

**A.**

We first address Fluker's claim that Ally Financial violated the TCPA by using an automatic telephone dialing system. The statutory term "automatic telephone dialing system" refers to a machine that has the ability "to store or produce telephone numbers to be called, using a random or sequential number generator," and can dial these generated numbers. *Id.* § 227(a)(1). Still, "the equipment in question must use a random or sequential number generator" to either produce or store the telephone numbers. *Facebook, Inc. v. Duguid*, 592 U.S. 395, 404 (2021). And so equipment that merely stores and dials numbers from a pre-set list falls outside the statute's scope because it doesn't use a random or sequential number generator. *Id.*

To begin with, Fluker's claim that Ally Financial used an automatic telephone dialing system is insufficient because it lacks the supporting factual allegations that would make it

---

[2] Fluker also argues that the district court erred in dismissing his claims under the Michigan Consumer Protection Act (MCPA). But Fluker's complaint didn't assert any claims under the MCPA. And he cannot amend his complaint by asserting a new claim in response to a motion to dismiss. *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020). So the district court did not err in disregarding them. *Fluker*, 2023 WL 8881154, at *1 n.2.; *Guzman v. U.S. Dep't of Homeland Sec.*, 679 F.3d 425, 429 (6th Cir. 2012).

plausible. While this plausibility standard does not require "'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And though this court accepts the complaint's well-pleaded factual allegations as true, that does not extend to "a legal conclusion couched as a factual allegation." *Id.* (quoting Twombly, 550 U.S. 555). Instead, the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough to make a claim plausible. *Id.*

Fluker's statement that "Ally called [his] cell phone using an automatic telephone dialing system" is a mere recitation of the elements of his claim, unsupported by further facts. R.1, Compl., p.6, PageID 6. And so the complaint doesn't allow a reasonable inference that an automatic telephone dialing system was used. Though Fluker was not required to plead the technical specifications of the system that was used to call him, he needed to at least indicate what about the calls led him to infer that Ally Financial was using an automatic telephone dialing system. How else could the district court determine whether that inference was reasonable?

Fluker has provided one factual allegation that supports his conclusion about the automatic telephone dialing system—the high volume of calls placed. But this fact alone can't satisfy the plausibility standard. Even though Fluker alleges that Ally Financial "placed more than eight hundred calls" to his cell phone during a twenty-month period, this says very little about Ally Financial's alleged use of an automatic telephone dialing system. R.1, Compl., p.6, PageID 6. A complaint that only "pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). And none of the remaining factual allegations bridge this gulf between the

possible and the plausible. [3]  Since "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," Fluker has failed to state a plausible entitlement to relief on this first claim. *Id.* at 679.

**B.**

Fluker's claim that Ally Financial violated the TCPA by using a prerecorded voice to call his phone fails for much the same reason.  Fluker has not alleged sufficient facts to allow a reasonable inference in his favor.  Once again, his only non-conclusory factual allegation is that Ally Financial placed over eight-hundred calls to his phone over twenty months.  And once again, this allegation is "merely consistent with" the defendant's liability rather than probative of it.  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557).

It's true that call volume is more persuasive on the prerecorded-voice issue than it is on the automatic-telephone-dialing-system issue.  After all, this inquiry rests on the court's "experience

---

[3] The complaint also alleges that the purpose of Ally Financial's call was "to recover an alleged debt connected to a car loan."  R.1, Compl., p.6, PageID 6.  The district court concluded that this allegation was "tantamount to an acknowledgement that the bank's phone calls targeted [Fluker] specifically." *Fluker*, 2023 WL 8881154, at *2.  Such an acknowledgement would doom Fluker's TCPA claim because the key characteristic of an automatic telephone dialing system is that it uses a random number generator to create or store random telephone numbers to be called. *Facebook, Inc. v. Duguid*, 592 U.S. 395, 404 (2021).  Thus, an allegation that Fluker was specifically targeted for an alleged debt would support a contrary inference that an automatic telephone dialing system *was not* used because a random number generator is, by design, incompatible with targeting a specific person based on an alleged debt. *See id.* at 409 (rejecting a broader definition of automatic telephone dialing system as any device that could dial numbers without human intervention).  But the complaint does not allege that Fluker had a car loan and that Ally Financial sought to recover Fluker's debt.  It states only that the company sought to "recover *an* alleged debt connected to *a* car loan."  R.1, Compl., p.6, PageID 6 (emphasis added).  Read in the light most favorable to Fluker, one could understand these indefinite articles as saying that Ally Financial was randomly calling numerous individuals about a fictitious debt and that its automatic telephone dialing system had randomly generated Fluker's cell phone number over eight-hundred times.  Is this likely? Probably not.  But still this allegation—by itself—doesn't make Fluker's TCPA claim so inconsistent as to be facially implausible.  And yet we agree with the district court that Fluker's complaint on the whole fails to state a plausible claim to relief.

and common sense." *Id.* at 679. And common sense supports the idea that a company that allegedly called Fluker an average of forty times a month for twenty months might rely on a prerecorded message. So this allegation might get Fluker close. But while close might be enough in horseshoes and hand grenades—the same doesn't go for federal pleading standards. Fluker still needs more supporting facts to make his version of events more than a remote possibility.

And these factual allegations wouldn't need to be technical. They could be simple observations about the nature of the call—like the plaintiff's inability to interrupt the speaker on the other end of the line or conspicuous periods of dead air in the middle of the message. These facts wouldn't impose a heightened burden on the plaintiff since no one needs the benefit of discovery to explain what in a call led them to infer that they were listening to an artificial or prerecorded voice. And yet none of these details appear in this complaint. Their absence dooms Fluker's complaint since he has provided none of the details that would allow his claim to survive a motion to dismiss.

## III.

Fluker's complaint lacked crucial factual allegations. As a result, his claims have not crossed "the line from conceivable to plausible." *Id.* at 680 (quoting *Twombly*, 550 U.S. at 570). And so the district court didn't err in dismissing Fluker's TCPA claims. For these reasons, we affirm.