**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2271
_____

ROHAN GEORGE RAMGEET WILSON,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA;
SECRETARY UNITED STATES DEPARTMENT OF HOMELAND SECURITY;
ASSISTANT SECRETARY OF THE U.S. DEPARTMENT OF HOMELAND
SECURITY; GARY MEAD, as Executive Associate Director, Enforcement and Removal
Operations; JOHN TSOUKARIS, as Acting Director, Enforcement and Removal
Operations, Newark, NJ Field Office,

Respondents

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A042-252-863)
Immigration Judge:  Honorable Leo A. Finston

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 26, 2013

Before:  RENDELL, FISHER and GARTH, Circuit Judges

(Opinion filed: February 27, 2013)
_____

OPINION
_____

PER CURIAM

Rohan Ramgeet Wilson, proceeding pro se, petitions for review of the Board of Immigration Appeals' (BIA or Board) final order of removal. For the following reasons, we will deny the petition for review.

I.

Wilson, a native of Jamaica, was born on October 6, 1976. He became a lawful permanent resident upon his admission to the United States as an immigrant in August 1989. In October 2011, the Government issued a Notice to Appear charging him with removal pursuant to Immigration and Nationality Act (INA) § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), based on his 1997 conviction for murder.

At a removal hearing in December 2011, Wilson claimed that he was not subject to removal because he had derived United States citizenship through his mother's naturalization in May 1995. The Government contested the citizenship claim, explaining that, because Wilson had already turned eighteen at the time his mother naturalized, he did not derive citizenship from her under the applicable statute, former INA § 321(a)(4). See 8 U.S.C. § 1432(a)(4) (repealed) (providing that a child born outside of the country who is residing in the United States can become a citizen when a parent naturalizes as long as "such naturalization takes place while such child is under the age of eighteen years"). The Immigration Judge (IJ) continued the proceedings in order to allow Wilson an opportunity to submit evidence in support of his citizenship claim.

2

When the parties reconvened in January 2012, Wilson directed the IJ to three documents in his alien file (A-file) that, in his view, demonstrated his citizenship: a data sheet titled "Inmate Load Data," one titled "Security/Designation," and a document titled "Inmate Information Sheet," all of which contained entries of "United States of America" or "United States" in the fields designated for citizenship. (AR000219-221.) The IJ noted that the documents appeared to be records relating to Wilson's incarceration for the murder conviction, and found that they did not demonstrate that he was an American citizen; rather, they demonstrated that, "[a]t best, the custodial authorities believed that [he was] a citizen of the United States when [he was] incarcerated." (AR000183.) The IJ further found that, as a matter of law, Wilson did not derive citizenship through his mother's naturalization because he was eighteen years old when his mother naturalized in May 1995. See 8 U.S.C. § 1432(a)(4). Accordingly, the IJ determined that Wilson was not an American citizen and was removable as charged.

Wilson appealed to the BIA, arguing that: (1) the IJ violated his due process rights by failing to meaningfully consider the documents in his A-file that – according to Wilson – proved his citizenship; (2) he was entitled to derivative citizenship under former INA § 321(a)(4) through his mother's naturalization because he was seventeen, and thus "under the age of eighteen years," at the time his mother *applied for* naturalization; and (3) the agency lacked the authority to adjudicate his citizenship claim. In a decision dated April 26, 2012, the BIA rejected Wilson's arguments and dismissed the appeal. This petition for review followed.

3

II.

We have jurisdiction over the petition for review under 8 U.S.C. § 1252(a). When, as here, "the BIA issues its own decision on the merits, rather than a summary affirmance, we review its decision, not that of the IJ." Hanif v. Att'y Gen., 694 F.3d 479, 483 (3d Cir. 2012). We review factual findings for substantial evidence, while legal determinations are reviewed de novo. Id.

Wilson first argues that the BIA erred in denying his claim that the IJ had violated his due process rights by failing to meaningfully consider the three documents in his A-file that, in his view, prove his citizenship. Wilson further argues that the BIA "plainly ignored" his A-file when it considered his appeal. We see no error. First, the record reflects that the IJ carefully reviewed the three documents, and specifically stated on the record that they did not support Wilson's citizenship claim. Insofar as Wilson disputes the IJ's interpretation of these documents, we note that substantial evidence supports the IJ's finding that they did not demonstrate that Wilson was an American citizen. Lastly, although Wilson complains that the BIA did not review the referenced documents on appeal, it is evident from the Board's decision that it did. See Filja v. Gonzales, 447 F.3d 241, 256 (3d Cir. 2006) ("The BIA is not required to write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted.") (quotation marks and citation omitted).

4

Next, Wilson claims that the agency erred in determining that he did not acquire derivative citizenship under former INA § 321 through the naturalization of his mother. Pursuant to INA § 321, a child born outside of the country who is residing in the United States can become a citizen when a parent naturalizes as long as "such naturalization takes place while such child is under the age of eighteen years."[1] 8 U.S.C. § 1432(a)(4) (repealed). Wilson recognizes that he did not meet the literal terms of the statute because he turned eighteen before his mother was naturalized in 1995. Nonetheless, he argues that he should be entitled to derivative citizenship because he was seventeen, and thus "under the age of eighteen years," at the time she applied for naturalization. Former § 321(a)(4) plainly requires that a child born outside of the United States to alien parents must be under eighteen years of age at the time his parent naturalizes in order to derive citizenship on that basis. See Chavarria-Calix v. Att'y Gen., 2013 WL 203393, at *3 (3d Cir. 2013) (not precedential). Therefore, this argument fails.

Wilson also argues that, contrary to the agency's contention, he was not required to provide a certificate of naturalization or a passport from the United States government in order to prove that he is a citizen. We agree with Wilson that an alien acquires

---

[1] Former § 321, 8 U.S.C. § 1432, was repealed by the Child Citizenship Act of 2000 ("CCA"), Pub. L. No. 106-395, which took effect on February 27, 2001. The CCA liberalized the conditions for derivative citizenship of alien children of naturalized parents, but it is not retroactive. See, e.g., Drakes v. Ashcroft, 323 F.3d 189, 191 (2d Cir. 2003). Thus, former § 321, which was in effect when Wilson was born, when he turned eighteen, and when his mother naturalized, controls his claim for derivative citizenship. See, e.g., Bagot v. Ashcroft, 398 F.3d 252, 257 n.3 (3d Cir. 2005).

derivative citizenship by operation of law and not by adjudication. See In re Fuentes-Martinez, 21 I. & N. Dec. 893, 896 (BIA 1997). However, the agency did not base its determination in this case on the lack of a naturalization certification or passport. Rather, as discussed above, the agency determined that Wilson did not acquire derivative citizenship by operation of law because he did not meet the legal requirements of former § 321(a).

Finally, Wilson argues that this Court lacks the authority to adjudicate his citizenship claim, and should remand the matter to the District Court for resolution in the first instance. Because this case does not present a genuine issue of material fact, we decline to do so. See 8 U.S.C. § 1252(b)(5)(A) ("If the petitioner claims to be a national of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim.")

III.

For the foregoing reasons, we will deny the petition for review.