16-2339-cv
Phillips v. Yates

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand seventeen.

PRESENT:
>             PETER W. HALL,
>             CHRISTOPHER F. DRONEY,
>                 *Circuit Judges,*
>             ALISON J. NATHAN,*
>                 *District Judge.*

_____

FAY PHILLIPS,

>             *Petitioner-Appellant*,

>             v.                                                                  16-2339-cv

SALLY Q. YATES, ACTING ATTORNEY GENERAL OF THE UNITED STATES, LEON RODRIGUEZ, DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, PHYLLIS COVEN, DIRECTOR FOR DISTRICT OF NEW YORK, TIM HOUGHTON, NEW YORK FIELD OFFICE DIRECTOR.

>             *Respondents-Appellees*.†

_____

* Judge Alison J. Nathan, of the United States District Court for the Southern District of New York, sitting by designation.

† The Clerk of Court is respectfully requested to amend the caption to conform to the above.

**FOR PETITIONER -APPELLANT:**          PAUL B. GROTAS, New York, NY.

**FOR RESPONDENTS -APPELLEES:**    SCOTT A. DUNN, Assistant United States Attorneys, *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a June 10, 2016 judgment of the United States District Court for the Eastern District of New York (Hurley, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Fay Phillips appeals the district court's judgment dismissing her petition that challenged the 2000 denial by the former Immigration and Naturalization Service of her naturalization application and the 2014 decision by the United States Citizenship and Immigration Services ("USCIS") declining to construe her untimely administrative appeal as a motion to reopen or to reconsider. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

An independent review of the record and relevant case law reveals that the district court properly dismissed the petition. Generally, district court review of an agency action is available under the Administrative Procedure Act unless other "statutes preclude judicial review." 5 U.S.C. § 701(a)(1); *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011). Here, the Immigration and Nationality Act limits the district court's review of the denial of naturalization to situations in which an "application for naturalization . . . is denied[] after a hearing before an immigration officer . . . ." 8 U.S.C. § 1421(c). This administrative exhaustion requirement "is 'mandatory, and courts are not free to dispense with [it].'" *Escaler v. U.S. Citizenship and*

2

*Immigration Servs.*, 582 F.3d 288, 292 (2d Cir. 2009) (alteration in original) (quoting *Bastek v. Fed. Crop Ins. Co.*, 145 F.3d 90, 94 (2d Cir. 1998)).

The exhaustion argument that Phillips presses is, in essence, that an untimely request for a hearing (here one that was 14 years late) is sufficient to exhaust administrative remedies. It is not. The Supreme Court has emphasized that exhaustion "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Accordingly, because Phillips did not file her request for a hearing within thirty days as required under 8 C.F.R. § 336.2(a), she did not properly exhaust her administrative remedies as required for district court review of the denial of her naturalization application. *See* 8 U.S.C. § 1421(c); *Escaler*, 582 F.3d at 292; *Woodford*, 548 U.S. at 90.

Because the failure to exhaust is dispositive of Phillips's request for review of the denial of her naturalization application, we do not reach the arguments regarding the six-year statute of limitations. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). Finally, we discern no error in the district court's conclusion that USCIS was not required to construe Phillips's untimely hearing request as a motion to reopen given the combination of delay and the lack of documentation and detail in her request for a hearing. *See* 5 U.S.C. § 706(2)(A)–(E); *see also* 8 C.F.R. §§ 103.5(a)(2), 103.5(a)(3), 336.2(c)(2)(ii).

We have considered all of Phillips's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3