16-648-ag
Salmon v. Sessions
BIA
Sagerman, IJ
A026 506 798

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of February, two thousand seventeen.

PRESENT:    BARRINGTON D. PARKER,
            REENA RAGGI,
            CHRISTOPHER F. DRONEY,
                                    *Circuit Judges*.

RAPHAEL WILLESTLY SALMON,

                                    *Petitioner*,

            v.                                          No. 16-648-ag

JEFF SESSIONS, UNITED STATES ATTORNEY GENERAL,

                                    *Respondent.**

FOR PETITIONER:             Paul B. Grotas, Esq., New York, New York.

FOR RESPONDENT:             Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Lindsay Glauner, Senior Litigation Counsel; Sarah Byrd, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jeff Sessions is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

1

UPON DUE CONSIDERATION of this petition for review of a February 22, 2016 Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Raphael Willestly Salmon, a native and citizen of Jamaica, seeks review of the BIA's affirmance of an Immigration Judge's ("IJ") decision denying Salmon's motions to terminate or continue removal proceedings and ordering him removed to Jamaica. *See In re Raphael Willestly Salmon*, No. A026 506 798 (B.I.A. Feb. 22, 2016), *aff'g* No. A026 506 798 (Immig. Ct. Napanoch Sept. 28, 2015). Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA, *see Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005), applying well established standards of review, *see Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). Salmon's criminal convictions limit our jurisdiction to "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(C), (D), and we, therefore, address only whether Salmon can claim derivative citizenship and his due process challenge to the denial of a continuance, *see id.* § 1252(a)(2)(D); *Duarte-Ceri v. Holder*, 630 F.3d 83, 87 (2d Cir. 2010). In conducting our review, we assume the parties' familiarity with the underlying facts and procedural history of this case, which we reference only as necessary to explain our decision to deny the petition.

1.    Derivative Citizenship

Salmon argues that he could claim derivative citizenship from his mother, whose denied naturalization application should be granted *nunc pro tunc* as of 2000, at which time Salmon was under the age of 18 and, thus, eligible to derive citizenship under 8 U.S.C.

2

§ 1431(a).  Specifically, he asserts that, but for the United States Citizenship and Immigration Services' ("USCIS") failure properly to adjudicate his mother's application, his mother would have naturalized before his eighteenth birthday.

Section 1431(a) confers derivative citizenship on children who (1) have at least one parent who is a United States citizen (whether by birth or naturalization); (2) are under eighteen years of age; and (3) are "residing in the United States in the legal and physical custody of the citizen parent pursuant to a lawful admission for permanent residence."  8 U.S.C. § 1431(a); *see Drakes v. Ashcroft*, 323 F.3d 189, 191 (2d Cir. 2003).  Because Salmon's mother has never naturalized, Salmon does not meet the first requirement for derivative citizenship.

Insofar as Salmon urges otherwise based on USCIS' delay in adjudicating his mother's application, he has failed to demonstrate undue delay violating due process or agency error precluding him from obtaining derivative citizenship.  *Cf. Poole v. Mukasey*, 522 F.3d 259, 265–66 (2d Cir. 2008); *Xue Yong Zhang v. Holder*, 617 F.3d 650, 665–66 (2d Cir. 2010) (explaining that *nunc pro tunc* relief is limited to exceptional circumstances where alien is precluded from form of relief due to agency error).  Thus, we decline to remand pursuant to *Poole v. Mukasey*, 522 F.3d at 265.  Indeed, the circumstances here are distinguishable from those in *Poole v. Mukasey* insofar as Salmon's mother's naturalization application was denied well before his eighteenth birthday.  *See id.* at 261.  Moreover, Salmon's mother's challenge to the denial of her naturalization application failed because "she did not properly exhaust her administrative remedies as required for

3

district court review of the denial of her naturalization application." *Phillips v. Boente*, No. 16-2339, 2017 WL 397898, at *1 (2d Cir. Feb. 1, 2017).

2.     Denial of Continuance

Salmon asserts that the agency violated due process by failing to consider his argument for a continuance pending adjudication of his mother's challenge to denial of naturalization because her naturalization would allow him to derive citizenship. We are not persuaded. The agency acknowledged case law holding that delay by USCIS could provide a route for Salmon to derive citizenship, but ultimately concluded that the possibility of such relief here was speculative. *See* 8 C.F.R. § 1003.29 (providing that agency "may grant a motion for continuance for good cause shown"). Salmon cannot show prejudice stemming from the agency's denial of a continuance because his mother's challenge to the denial of her naturalization petition failed. *Phillips v. Boente*, No. 16-2339, 2017 WL 397898, at *1; *see Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (stating that petitioner must show prejudice to succeed on due process claim).

We have considered Salmon's remaining arguments and conclude that they are without merit. Accordingly, the petition for review is DENIED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court

4